## MOONEY *et al.* v. FIRST STATE BANK OF WASHINGTON, OKLA.

No. 4692.   Opinion Filed June 15, 1915.

Rehearing Denied July 6, 1915.

(149 Pac. 1173.)

1.   **ACCOUNT, ACTION ON—Petition—Sufficiency.** Petition examined, and **held** to state a cause of action,, to which it was not error to refuse a demurrer nor deny objection to the introduction of evidence in support thereof.

2.   **APPEAL AND ERROR—Assignment of Error—Effect—Judgment.** An assignment of error to effect "that said judgment is contrary to law" limits the inquiry to, On the pleadings and findings was the proper judgment rendered?

3.   **JUDGMENT—Failure to Enter—Nunc Pro Tunc Order.** Where a cause is tried to the court and jury and a verdict is returned, received, and recorded and judgment ordered, but through failure or neglect of the clerk to enter the judgment of record, upon

proper notice to adverse party at succeeding term, it is not error for the court to grant nunc pro tunc order, directing the clerk to enter of record such judgment as of the proper date.

(Syllabus by Watts, C.)

. *Error from County Court, Comanche County;*
*S. I. McElhoes, Judge.*

Action by the First State Bank of Washington, Okla., against Bob Mooney and another, a copartnership doing business as B. & O. Cash Store. Judgment for plaintiff, and defendants bring error. Affirmed.

*L. M. Gensman* and *W. T. Dixon,* for plaintiffs in error.

*Johnson & Stevens,* for defendant in error.

Opinion by WATTS, C. This suit was commenced in the county court of Comanche county by the defendant in error, who was plaintiff in the trial court against the plaintiffs in error, who were defendants therein. The petition, omitting the caption, is as follows:

"PETITION.

"And now comes the said plaintiff, and complaining of the said defendants for its cause of action states: That it is now and was on all the days, dates, and times hereinafter mentioned a banking corporation, duly organized and doing business under and by virtue of the laws of the state of Oklahoma, and duly authorized to do business as such by the bank commissioner of said state.

"Plaintiff further states that the said defendants Bob Mooney and Otho Mooney are now and were on all the various days, dates and times hereinafter mentioned copartners engaged in the transaction of a general merchandising business at the town of Temple, county of Comanche, state of Oklahoma, under the name and style of B. & O. Cash Store; that the said defendants are justly indebted unto the said plaintiff for and on account of

the balance due for moneys advanced for the purchase of corn in the months of December, 1910, and January, 1911, in the sum of $512.68; that a statement of the amount of corn purchased, together with the credits thereon, is hereto attached, marked 'Exhibit A' and made a part hereof; that the said defendants wholly, fail, neglect and refuse to pay said sum of $512.68, or any part thereof, though often requested so to do, and that by reason of the premises there is now due and owing from the said defendants to the said plaintiff the aforesaid sum of $512.68, together with interest at six per cent. per annum from the 5th day of April, 1911.

"Wherefore, plaintiff prays judgment against said defendants, and each of them, for the aforesaid sum of $512.68, the costs of this action and all other appropriate relief."

### "Exhibit A.

"A condensed statement of the Upton and Mooney boys with the First State Bank of Washington, Okla.:

| | | |
|---|---|---|
| Corn weighed by W. J.Sheppard........ | 24.125 | lbs. |
| Corn weighed at Spurr................. | 34,400 | " |
| Corn weighed by county weigher....... | 274,170 | " |

| | | | |
|---|---|---|---|
| Total lbs..................... | 332,695 | " a cost of | $1,937 44 |
| Labor in loading corn in car, weighing, rehauling corn, and for grain doors for cars, total........................ | | | 68 3 |
| Cash to J. G. Upton....................................... | | | 49 00 |
| 50 sacks for the oats..................................... | | | 3 00 |
| | | | $2,058 07 |

#### "Credits.

| | |
|---|---|
| By corn sold to E. C. Helms, 11,105 lbs. at a cost of.........$ | 52 93 |
| Cash by Upton............................................ | 275 00 |
| "     "     "     ....................................... | 30 00 |
| Cash by Mooney Bros...................................... | 480 00 |
| Cash by drafs Jan. 3, 1911 ............................. | 356 30 |
| "    "    "    " 4, 1911 ............................. | 179 16 |
| "    "    "    " 5, 1911 ............................. | 172 00 |
| Balance unpaid ......................................... | 512 68 |
| | $2,058 07" |

The defendants filed a general demurrer to plaintiff's petition, which was heard and overruled and exceptions taken. Defendants then filed an answer in the way of a general denial. It appears that the cause was tried on August 29, 1912, to the court and jury, which resulted in a verdict in favor of the plaintiff in the sum of $512.68, which was received and recorded. Defendants filed motion for a new trial, setting up the seven grounds therefor, but they rely only on the following: (1) The overruling of the demurrer to the petition; (2) the judgment is contrary to law; (3) error in allowing plaintiff to introduce evidence under its petition, for the reason that the same did not state facts sufficient to constitute a cause of action.

The motion for new trial was heard and overruled on September 28, 1912. The appeal is before us on transcript, without the evidence and instructions of the court. It does not appear that any formal judgment was originally entered of record in plaintiff's behalf, but thereafter plaintiff filed petition, praying the court to enter judgment *nunc pro tunc*, which petition on proper notice was heard by the court on the 23d day of December, 1912, and resulted in an order of the court, directing the clerk to enter judgment as of August 29, 1912, to which the defendants excepted, and have assigned as error the following:

"First. Said county court erred in overruling the demurrer of plaintiffs in error to the petition of defendant in error.

"Second. In overruling the objection of plaintiffs in error to the introduction of any evidence by defendant in error under its petition.

"Third. Said judgment is contrary to law.

"Fourth. In rendering *nunc pro tunc* judgment on the verdict after the expiration of the July, 1912, term of said court.

"Fifth. In overruling the motion of plaintiffs in error for a new trial."

The first and second assignments depend upon the sufficiency of the petition.

Revised Laws 1910 provide:

"Section 4737. Petition.—The petition must contain:

"First. The name of the court, and the county in which the action is brought, and the names of the parties, plaintiff and defendant, followed by the word 'petition.' * * *

"Second. A statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition."

"Sec. 4774. Pleading Instrument for Payment of Money.—In an action, counterclaim or set-off, founded upon an account, promissory note, bill of exchange or other instrument, for the unconditional payment of money only, it shall be sufficient for a party to give a copy of the account or instrument, with all credits, and the indorsements thereon, and to state that there is due him, on such account or instrument, from the adverse party, a specified sum, which he claims, with interest. * * * * "

Counsel for defendants say:

"The petition is insufficient. It was evidently drawn under section 4774, Rev. Laws 1910, which section authorizes the use of a short form on an account," and "it will be conceded, we believe, that the account contemplated by said action is an account, and such only, as is referred to by section 5114 of said laws, and which section provides for the admissibility in evidence of the books containing the account in an action on the account and to prove the account. The above exhibit is not an account contemplated by either of said sections of the statute."

A number of cases are cited in support of the defendants' contention, but are inapplicable. We are unable to see wherein the petition is not good, against a general demurrer. It is certainly a substantial compliance with the requirements of the statutes, *supra*. Section 5114, Rev. Laws 1910, referred to by counsel, is as follows:

"Sec. 5114. Entries in Account Books.—Entries in books of account may be admitted in evidence, when it is made to appear by the oath of the person who made the entries, that such entries are correct, and were made at or near the time of the transaction to which they relate, or upon proof of the handwriting of the person, who made the entries, in case of his death or absence from the county, or upon proof that the same were made in the usual course of business."

This statute does not go to the sufficiency of the petition, and as the record does not disclose the manner in which the account was proven, we are unable to say whether the witnesses and their evidence were competent or incompetent.

The third assignment is, "said judgment is contrary to law." Same was set up in the motion for new trial, but we are limited by this assignment to the single proposition: On the pleadings and findings, was the proper judgment rendered? The pleadings, as heretofore stated, were sufficient, the verdict was for amount prayed, and the judgment of the court is in accord with the pleadings and verdict, from which we must conclude the proper judgment was entered. *De Vitt et al. v. City of El Reno et al.,* 28 Okla. 315, 114 Pac. 253.

We also think the fourth assignment is not well taken, as the courts of this state, when the action is timely, have a right to perfect a judgment by a *nunc pro tunc* order. Revised Laws 1910 provide:

"Sec. 5138. Judgment on Verdict.—When a trial by jury has been had, judgment must be entered by the clerk in conformity to the verdict, unless it is special, or the court order the case to be reserved for future argument or consideration."

"Sec. 5144. Clerk to Make Record.—The clerk shall make a complete record of every cause as soon as it is finally determined, whenever such record shall be ordered by the court."

"Sec. 5147. Completing Records.—When the judicial acts or other proceedings of any court have not been regularly brought up and recorded by the clerk thereof, such court shall cause the same to be made up and recorded within such time as it may direct. When they are made up, and, upon examination, found to be correct, the presiding judge of such court shall subscribe the same."

"Sec. 5267. When District Court may Review its Judgments.—The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made:

"First. * * *

"Second. * * *

"Third. For mistake, neglect or omission of the clerk, or irregularity in obtaining a judgment or order. * * *"

In *Boynton et al. v. Crockett et al.*, 12 Okla. 57, 69 Pac. 869, it is said:

"It is claimed that the court did overrule the motion for new trial, but it is not contended that any record was ever made of such ruling. If the court overruled the motion, and the clerk failed to enter the appropriate record, then the same could be supplied by proceedings *nunc pro tunc*, provided the proper basis could be established to warrant such an order."

In re *C. W. McQuown*, 19 Okla. 349, 91 Pac. 689, 11 L. R. A. (N. S.) 1136, it was held:

"The failure of the clerk or recording officer to make such record does not vitiate the proceedings. The clerk may, at any time during the term at which the proceedings are had, correct, amend, or supply omissions to make the record speak the truth; and the court may, at any time, upon proper application, from the memory of the presiding judge or upon, proper showing, by appropriate order *nunc pro tunc,* cause its records to recite the truth, and may supply any omission from its records.    *    *    * Such record, when so supplied, relates to the time when the proceedings were in fact had, and may make valid that which was apparently defective. *Wight v. Nicholson,* 134 U. S. 136 [10 Sup. Ct. 487] 33 L. Ed. 865; *Gonzales v. Cunningham,* 164 U. S. 612 [17 Sup. Ct. 182] 41 L. Ed. 572; *Hyde v. Curling,* 10 Mo. 359; *State v. Clark,* 18 Mo. 432; *Nelson v. Barker,* 3 McLean (U. S.) 379 [Fed. Cas. No. 10,101]; *State v. Bilansky,* 3 Minn. 246 [Gil. 169]! Bishop's New Crim. Proc. sec. 1345. The proceedings had before the probate court for the purpose of determining what judgment was in fact rendered, and its finding and order for a *nunc pro tunc* order perfecting the record, are strictly in accord with recognized practice, and conform to what is required by due process of law.    *    *    * The court had power to make its records speak the truth; it had jurisdiction of the parties and of the subject-matter, and it proceeded in the manner recognized by law. The proceedings are not void and may be enforced."

In *Ex parte Howland,* 3 Okla. Cr. 142, 104 Pac. 927, Ann. Cas. 1912A, 840, it was held:

"Where a defendant is tried and convicted, and sentenced to imprisonment, but by error of the clerk the judgment is not entered on the records of the court, the error may be corrected at any time by an order *nunc pro tunc.*"

In *Hirsh et al. v. Twyford et al.,* 40 Okla. 220, 139 Pac. 313, it was held:

"Where the clerk has failed, neglected, or declined to enter of record' any order, judgment, or decree of his court, the proper remedy is an application to that court, upon notice to adverse parties, for an order directing the omitted order, judgment, or decree to be entered *nunc pro tunc.*"

See, also, *Clark et al. v. Bank of Hennessey,* 14 Okla. 572, 79 Pac. 217, 2 Ann. Cas. 219; *Jackson et al. v. Latta,* 15 Kan. 216; *Bristow v. Carrigar et al.,* 37 Okla. 730, 132 Pac. 1106.

Therefore, finding no error, we recommend that the judgment of the trial court be affirmed.

By the Court:   It is so ordered.