**COURTNEY et al. v. BARNETT et al.**

No. 7906—Opinion Filed May 22, 1917.

(166 Pac. 207.)

1. **Judgment—Motions—Record — Nunc Pro Tunc Orders—Jurisdiction.**

Jurisdiction is inherent in every court of record to cause its records to speak the truth and by nunc pro tunc order, on proper application and notice, to cause to be entered orders and judgments made by the court which, by inadvertence or mistake, the clerk or the court has omitted to record.

2. **Same.**

Jurisdiction to order entered nunc pro tunc, orders and judgments made by the court, but omitted from the record by the clerk or the court, is not lost by lapse of time, where no intervening rights are affected.

3. **Same—Collateral Attack.**

When the court had jurisdiction of the subject-matter of an action or proceeding and the parties and the exercise of such jurisdiction is invoked by proper application and the court has power and authority to render judgment or make the order, said order, so made, is not open to collateral attack by a party to the proceeding because made upon insufficient evidence or because of erroneous findings of fact, or because it is not supported by the findings of fact.

(Syllabus by Rummons, C.)

Error from District Court, Rogers County; W. J. Campbell, Judge.

Action by Cudjo Barnett, a minor, by A. L. Evans, his guardian, against Frank M. Courtney and others. Judgment for plaintiff, and defendants F. M. Courtney and Erastus K. Evans bring error. Reversed.

R. H. Willis, for plaintiffs in error.

Rittenhouse & Brown, for defendant in error.

Opinion by RUMMONS, C. This action was commenced by the defendant in error, Cudjo Barnett, a minor, by A. L. Evans, his guardian, against the plaintiffs in error and others to recover upon several bonds executed by J. V. Brown, former guardian of plaintiff. The parties will be designated in this opinion as they appear in the court below. The defendants F. M. Courtney and Erastus K. Evans were sureties of J. V. Brown upon the first bond executed by him as guardian of Cudjo Barnett and Ada Barnett, minors. Thereafter said J. V. Brown executed three other bonds as guardian of the plaintiff and of Ada Barnett and Lucy Barnett, minors, in the sums of $1,000, $1,500, and $3,000, respectively. The other defendants in this action were sureties upon said three additional bonds. The defendants Courtney and Evans pleaded that the judge of the county court of Wagoner county, which court had jurisdiction of the guardianship and estate of plaintiff, on the 25th day of April, 1908, made an order upon the execution and approval by said court of another bond executed by J. V. Brown and

three of the other defendants as sureties, discharging and releasing Courtney and Evans from any further liability upon the bond executed by them, but by mistake or inadvertence said order was not entered of record, and that, on May 7, 1914, the judge of the county court of said county of Wagoner made an order directing that said order, releasing and discharging the said defendants from further liability upon the said guardian's bond, be entered nunc pro tunc as of the date of April 25, 1908. At the trial it appeared that J. V. Brown, guardian, was short in his accounts, and was indebted to the plaintiff, minor, in the sum of $2,089.16; that said Brown had been removed as guardian and A. L. Evans appointed as guardian of the person and estate of plaintiff. It was stipulated at the trial that the shortage and defalcation occurred after April 25, 1908. The defendants Courtney and Evans offered and introduced in evidence a certified copy of the nunc pro tunc order pleaded in their answer. The cause was tried to the court without the intervention of a jury, and at the conclusion thereof judgment was rendered in favor of the plaintiff and against all the defendants. Defendants Courtney and Evans, being aggrieved thereat, bring this proceeding in error.

It appears from the record and briefs of counsel for the respective parties that the trial court, while admitting in evidence the nunc pro tunc order relied upon by the defendants Courtney and Evans, treated the same as a nullity in rendering judgment. It is conceded by counsel for plaintiff that, if the nunc pro tunc order relied upon by Courtney and Evans was effective, the judgment of the court against them was erroneous, and no recovery could be had against them in this action. So the only matter necessary for us to determine in arriving at a decision of this case is the validity and effect of the order made by the judge of the county court of Wagoner county on May 7, 1914, directing a nunc pro tunc entry of an order of said court discharging and releasing Courtney and Evans as sureties of the guardian's bond executed by them as of date April 25, 1908. It may be said in passing that this nunc pro tunc order was made after the commencement of this action.

It is further conceded by counsel for plaintiff that the county court of Wagoner county had, on April 25, 1908, jurisdiction, power, and authority to make an order releasing and discharging the sureties upon the guardian's bond from any further liability thereon, and that such order would release and discharge the sureties from any liability for acts or defaults of the guardian occurring

after such order was made. It is, however, urged on behalf of plaintiff that the order of May 7, 1914, is void and of no effect. If plaintiff is correct in his contention, said order is open to collateral attack, and may be assailed in this cause. If, however, said order of May 7, 1914, is not void, it cannot be attacked collaterally in the instant case. It is insisted on behalf of plaintiff that the judge entering the nunc pro tunc order, in the findings upon which such order was based, nowhere finds that the order, releasing defendants Courtney and Evans from this bond, was actually made on April 25, 1908, and that the most that is shown by the said findings is that said defendants were informed and advised by the judge of said county court on April 25, 1908, that they were released from further liability, and that it was understood by said defendants and by the then judge of said county court that the order releasing said defendants from further liability on said bond was made and entered of record.

Jurisdiction is inherent in every court of record to supply omissions in its records and to make said records speak the truth, and this jurisdiction is not lost by lapse of time. County courts in this state are courts of record, and have the inherent jurisdiction over their records that pertains to all courts of record. The power to enter nunc pro tunc orders and judgments made by the court, but which, through neglect or omission of the clerk or the court, have not been entered upon the records of the court, is, as we have said, inherent. The fact that over six years had elapsed between the time the order was alleged to have been made and the making of the order for a nunc pro tunc entry thereof did not deprive the court of power and jurisdiction to make such nunc pro tunc order. 23 Cyc. 844: O'Sullivan v. People, 144 Ill. 604, 32 N. E. 192, 20 L. R. A. 143, note page 145.

There can be no question that the county court had jurisdiction to make the order directing nunc pro tunc entry of the order of April 25, 1908. The record further shows that it had jurisdiction of the persons of the plaintiff and the defendants. While the record does not disclose the motion made by the defendants praying for an order of nunc pro tunc entry, since the presumption is ever in favor of the jurisdiction of a court of record, it will be presumed that such motion properly invoked the exercise of the court's jurisdiction. Therefore, when the judge of the county court made the order on May 7, 1914, directing that the order of April 25, 1908, be entered nunc pro tunc, he had jurisdiction of the subject-matter and of the parties, and the exercise of such jurisdiction had been

properly set in motion by the application of the defendants, and he had power and authority to make the order which he did make. It is unnecessary in this opinion to set out in full the findings of the judge of the county court upon which he made his nunc pro tunc order. It is sufficient to say that these findings are somewhat vague and loosely expressed, and it is true that nowhere in the findings does the judge expressly find that the order of release from liability upon the guardian's bond was made. The findings do, however, contain the inference that the order was actually made.

If we concede the contention of plaintiff that the order introduced does not actually find that an order of release was made by the judge of the county court on April 25, 1908, we do not therefore concede that the nunc pro tunc order is void and of no effect. It is an elementary principle that where the court has jurisdiction of the subject-matter of an action or proceeding, jurisdiction of the parties thereto, and such jurisdiction is properly invoked, and has power and authority to render the judgment or make the order the fact that such judgment rendered or order made is upon insufficient evidence, or upon the findings of fact is erroneous and should not have been made thereon, or is not supported by the findings of fact, does not render such judgment or order void. Re McQuown, 19 Okla. 347, 91 Pac. 689, 11 L. R. A. (N. S.) 1136; McDuffie v. Geiser Mfg. Co., 41 Okla. 488, 138 Pac. 1029; Ordean v. Grannis, 118 Minn. 117, 136 N. W. 575, 1026 L. R. A. 1915B, 1149; Ware v. Kent, 123 Ala. 427, 26 South. 208, 82 Am. St. Rep. 132; Morrill v. Morrill, 20 Or. 96, 25 Pac. 362, 11 L. R. A. 155, note page 157, 23 Am. St. Rep. 95.

We have been cited by counsel for plaintiff to the case of Lombard v. Wade, 37 Or. 426, 61 Pac. 856. The court there says:

"Where the court made an order and directed it to be entered nunc pro tunc as of a date 18 months earlier, there being nothing to show that it was an order made at that time which by accident had not been entered, such order is beyond the authority of the court and void."

In the body of the opinion the court says:

"It seems to be an order made on the 22d day of March, 1900, which the court directs to take effect as of the 20th day of September, 1898; and, clearly, the court had no power or authority to make any such order."

In the case of Gray v. Brignardello, 1 Wall. (68 U. S.) 627, 17 L. Ed. 693, the Supreme Court of the United States, in holding a nunc pro tunc order void says:

"This motion and order are predicated on a state of facts which did not exist. No de-cree was ever entered on the 7th day of April, nor on any other day prior to the sale, and we cannot, therefore, even conjecture what the errors and mistakes were which it was desirable to correct. If the court had said, on the 7th day of April, the report of the commissioner was approved and the sale ordered, but, through inadvertence or neglect on the part of the court or its officers, the proper entries were not made, then it might well be argued that a nunc pro tunc decree could be made. A nunc pro tunc order is always admissible, when the delay has arisen from the act of the court."

The case of Young v. Young, 165 Mo. 624, 65 S. W. 1016, 88 Am. St. Rep. 440, cited by counsel for plaintiff, was determined upon the proposition that no nunc pro tunc entry can be ordered except upon some record evidence, and it was held that the record showed that no judgment had been rendered; therefore the nunc pro tunc order was void. It will be apparent from an examination of these cases that the question of the validity of a nunc pro tunc order, made upon insufficient evidence, where the court had jurisdiction of the subject-matter and the parties, was not squarely considered, and we are unwilling to weaken the rule as to the conclusiveness of judgments, where the court, having jurisdiction of the subject-matter and the parties, renders judgment upon insufficient evidence or findings, by following them.

It must be borne in mind also, in consideration of this case, that the rule in Oklahoma as to the evidence necessary to justify the making of a nunc pro tunc order is more liberal than the rule adopted in many of the states. Here an order for the entry of a nunc pro tunc judgment may be made upon parol evidence. Jones v. Gallagher, 64 Okla. 41, 166 Pac. 204; Clark v. Bank, 14 Okla. 572, 79 Pac. 217, 2 Ann. Cas. 219. In many of the states it is essential, in the rendition of an order directing a nunc pro tunc entry of judgment, that there be a minute or other memorandum of the judgment in the dockets or among the papers of the court. The presumption, however, is that a judgment entered nunc pro tunc is based upon competent evidence. Where, however, the facts appear, the action of the court may be reviewed upon appeal. Belkin v. Rhodes, 76 Mo. 643; 18 Enc. Pl. & Pr. 469.

The plaintiff appeared and was represented by counsel at the hearing of the application to make the nunc pro tunc order. No appeal was taken from said order, and we conclude that such order is binding upon the plaintiff and effective, notwithstanding the court may have committed error in making it. If the evidence was insufficient to justify the

court in making the order, the plaintiff could have secured a review of such evidence by an appeal; not having appealed, we conclude that the plaintiff cannot now impeach such order collaterally in this cause.

The rights of the respective sureties upon the various bonds between each other are not within the issues of the instant case, and nothing herein said should be construed as passing upon the rights of the other sureties upon the bonds against the defendants Courtney and Evans, as it does not appear from the record that the other sureties had notice of the order of release or notice of the application for an order for nunc pro tunc entry.

We have reached the conclusion that the trial court erred in holding the nunc pro tunc order releasing and discharging the defendants Courtney and Evans to be a nullity; that, therefore, it erred in rendering judgment against them. The judgment of the court below should be reversed, and this cause remanded, with directions to the trial court to enter judgment in favor of the defendants Frank M. Courtney and Erastus K. Evans.

By the Court: It is so ordered.