## EQUITABLE SURETY CO. v. OIL FIELD SUPPLY CO. et al.

No. 10367—Opinion Filed Nov. 22, 1921.

(Syllabus.)

**Judgment—Finality—Correction—Collateral Attack.**

Where plaintiff files a motion to correct and modify a judgment and reasonable notice is given to the adverse party thereof, and upon hearing the court grants such motion and corrects and modifies said judgment, and no appeal is taken therefrom, the same becomes final and cannot be attacked in a collateral proceeding, although the judgment of the court on the motion might have been erroneous.

Error from Superior Court, Tulsa County; M. A. Breckinridge, Judge.

Action by the Oil Field Supply Company against the Equitable Surety Company and another. Judgment for plaintiff, and defendant named brings error. Affirmed.

Sol H. Kaufman, for plaintiff in error.

H. B. Martin and R. A. Reynolds, for defendants in error.

McNEILL, J. This action was commenced January 21, 1915, in the superior court of Tulsa county by the Oil Field Supply Company, a corporation, against J. E. Seifried and the Equitable Surety Company. The petition alleged that on the 26th day of June, 1913, in a replevin action pending in the superior court of Tulsa county, wherein the Oil Field Supply Company was plaintiff and J. E. Seifried was defendant, the plaintiff obtained an order for the delivery of certain personal property to plaintiff and defendant Seifried executed a redelivery bond with the Equitable Surety Company as surety for the redelivery of said property, and the property by virtue of said bond was redelivered to defendant Seifried. That on the 16th day of October, 1914, the jury returned a verdict

in favor of plaintiff for possession of said property, or if the delivery could not be had, the value thereof in the sum of $650. On November 14, 1914, motion for new trial was overruled, and judgment was rendered on said verdict.

The defendant surety company answered, denied executing the bond, denied liability thereon, denied that by reason of said bond any property was delivered to the defendant Seifried, denied the judgment was rendered against Seifried for the possession of the property or its value in the sum of $650, denied that the judgment was in force and effect, and pleaded that it requested execution be issued and levied upon certain property of the defendant Seifried, but plaintiff refused to do so, and by reason of said fact the defendant had been prejudiced thereby and released from said bond. Plaintiff replied by general denial. The case was tried to the court, a jury being waived, and the evidence consisted of the record in the replevin action.

At the time of overruling the motion for new trial, on the 14th of November, 1914, judgment was ordered rendered on the verdict, but no journal entry was prepared or filed until the 18th of February, 1918, when a nunc pro tunc journal entry of judgment was filed. This judgment was for the sum of $650 against the defendant Seifried, and made no provision for the return of the property. After plaintiff introduced its evidence, the court intimated that plaintiff had failed to make out a case, and continued the case for further hearing, and the same came on for further hearing on June 13, 1918. At said hearing the plaintiff asked permission to reopen his case, which was granted by the court, and then introduced a corrected journal entry of the court entered June 6, 1918. This journal entry recited that the plaintiff had filed a motion to modify and correct the judgment and that proper notice of the motion had been given, and said motion and application came on for hearing on the 6th day of June, 1918, and then recited the different proceedings had in the case, and contained a copy of the verdict of the jury, and a finding that judgment was rendered on November 14, 1914, and contained the following statement:

"Finds that no journal entry of said judgment was filed in the clerk's office in said action, and that thereafter, to wit, on or about the 18th day of February, 1918, the plaintiff herein procured an order nunc pro tunc, permitting it to file a journal entry of judgment herein, and that on said date a purported journal entry of judgment was filed in said action, but that said journal entry was not in conformity with the ver-

dict of the jury and that the plaintiff herein should be permitted to prepare and file herein a journal entry of judgment in accordance with the verdict of the jury herein before rendered herein and as of date November 14, 1914."

The journal entry recites that plaintiff have judgment against Seifried for possession of property which is described, and in the event a return of the property cannot be had, for judgment for $650, the value of the property as fixed by the jury. The defendant objected to the introduction of said judgment, which objection was overruled by the court. The plaintiff rested its case, and the defendant introduced no evidence, and the court rendered judgment in favor of the plaintiff and against the defendant company in the sum of $650. From said judgment, the surety company has appealed.

The plaintiff in error, for reversal, presents several questions, but the case in its final analysis depends upon whether the judgment as introduced in evidence, of June 6, 1918, unappealed from, was a valid judgment. This court, in the case of Courtney v. Barnett, 65 Okla. 189, 166 Pac. 207, stated as follows:

"Jurisdiction to order entered nunc pro tunc, orders and judgments made by the court, but omitted from the record by the clerk or the court, is not lost by lapse of time, where no intervening rights are affected."

This case has been followed in Re Bates Guardianship, 70 Oklahoma, 174 Pac. 743; Marker v. Gilliam, 80 Okla. 259, 196 Pac. 127. The plaintiff in error contends that sections 5267, 5268, and 5274, Rev. Laws 1910, are controlling, and the proceedings to correct or modify a judgment by reason of mistake, neglect, or omission by the clerk must be by motion upon reasonable notice to the adverse party and commenced within three years. Without deciding whether there is a distinction between the power of the court to order and enter nunc pro tunc judgment made by the court, but omitted from the record by the clerk of the court, and those actions where a judgment is really entered and the party seeks to correct or modify the judgment, we think the only question is whether the judgment of the court upon the motion to correct and modify the judgment, unappealed from, is valid.

Plaintiff in error relies upon the case of Co-wok-ochee v. Chapman, 76 Okla. 1, 183 Pac. 610. In that case a motion was made to correct and modify a judgment, which had been actually entered for one party, so the judgment should speak that it was rendered

for the other party. In that case the court in the second syllabus paragraph stated as follows:

"In this jurisdiction it is provided by statute (section 5268, Rev. Laws 1910) that the proceeding to correct a mistake or omission of the clerk or irregularity in obtaining a judgment or order shall be by motion, upon reasonable notice to the adverse party or his attorney in the action."

In the third syllabus paragraph the court stated as follows:

"Where such motion is denied, the remedy of the party aggrieved is not by renewing it, or asking for a rehearing of it, but by appeal."

If the court denied the motion to modify the judgment, the remedy of the party aggrieved is by appeal. It would also follow that if the court granted the motion, the opposing party would have to appeal to prevent the judgment entered by the court from becoming final. In the instant case plaintiff began its proceeding by motion to have a judgment entered nunc pro tunc for the reason the judgment had been omitted from the record, and upon notice, and upon a hearing, the court granted that motion. No appeal was taken therefrom. Within a few months, the plaintiff, by motion after reasonable notice to the defendant in the action, asked to have its judgment modified. The court, upon a hearing, granted this motion and made an order modifying and correcting the judgment. If we apply the principle announced in the case of Co-wok-ochee v. Chapman, supra, the defendant's remedy was by appeal, or asking for a rehearing, and upon a failure to do either the judgment on the motion would become final. If the surety company was affected by said judgment, its remedy was by motion to have the judgment set aside, and if the court refused to set aside said judgment, to appeal from said order. This it did not do. We have a final judgment of a court that had jurisdiction of the subject-matter, jurisdiction of the parties, and jurisdiction to render the kind and character of judgment it did render. Although the judgment might be erroneous, it is not void.

Plaintiff in error also cites and relies upon the case of First State Bank v. Stevenson (Kan.) 70 Pac. 875, to support the contention that the proceeding must be commenced within three years. In that case a motion was made to correct the judgment, and from the judgment of the court denying the motion the party appealed. That does not support the contention of the plaintiff in error, that if it failed to appeal from the judgment of the court on the motion, it could thereafter

in another proceeding attack the judgment because the same was erroneous. The case of Brownlee v. Davidson (Neb.) 45 N. W. 51, is also cited. In that case there was likewise a motion to correct and modify the judgment, and an appeal was taken from the judgment of the court upon the motion. These cases have no application, for the reason in the instant case no appeal was taken from the judgment of the court entered upon the motion for a nunc pro tunc judgment, or from the judgment entered upon the motion to correct and modify the judgment, and those judgments, in so far as this record is concerned, have become final, and are binding on the parties.

The defendant pleaded that it had been prejudiced by reason of plaintiff's laches, and failure to have execution issued, but no evidence was introduced to support that plea; therefore it cannot be considered in this appeal.

For the reason stated, the judgment of the court is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and KENNAMER, JJ., concur.