**BOXLEY et al. v. WRIGHT, Judge, et al.**

No. 12500—Opinon Filed Nov. 29, 1921.

(Syllabus.)

**Judges—Disqualification for Bias or Interest —Peremptory Writ from Supreme Court.**

A peremptory order will be issued by this court, directing a trial judge to disqualify and prohibiting him from sitting in the trial of the cause, where it is made to appear that such judge is biased in favor of or against a party to the suit, or has a substantial interest in the result of the controversy.

Original proceeding from Creek County, State of Oklahoma. Proceeding by John D. Boxley et al. to disqualify Lucien B. Wright, Judge of the 22d Judicial District, and the District Court of Creek County. Writ sustained.

J. H. Maxey, John Rogers, E. H. Chandler, Summers Hardy, Wm. O. Beall, Robt. L. Imler, Ernest B. Hughes, Earl Foster, and Frank Warren, for petitioners.

Sam Hooker, W. L. Ransom, and McDougal, Lytle, Allen & Pryor, for respondent.

HARRISON, C. J. This is an original proceeding against Lucien B. Wright, judge of the 22d judicial district of the state, to disqualify him, on the ground of personal interest in the controversy and bias in favor of certain alleged parties to suits, from sitting in the trial of certain suits which involve the title to the southwest quarter of section 6, township 18 north, range 7 east, known as the Lete Kolvin allotment.

Though the title of this proceeding is "The State of Oklahoma ex rel. J. D. Boxley et al.", the state of Oklahoma is not a party to the proceeding. No one authorized by law to make the state a party thereto has sought to do so, and in fact the state is not a party. The proceedings grew out of certain suits between private individuals and corporations over the title to said Lete Kolvin allotment, in the result of which the state has no interest. and will not be treated as a party.

It is a controversy between private parties, both of whom, it appears from the record, have, at different stages in the proceedings below, shown a doubt as to whether Judge Wright would render an impartial decision. And this proceeding was instituted by private individuals, and private individuals are interested in resisting same.

Among the alleged grounds for disqualification are that the said Lucien B. Wright has an interest in the result of said suits before him, and is biased in favor of certain private parties thereto, the names of such parties being immaterial to a decision herein. It is the fact that a judge of a court of equity is charged with being under the corrupt influence of parties to a suit in his court that constitutes the gravity of this proceeding.

Upon the filing of the proceeding, an alternative order was issued by this court, and defendant has filed answer and response thereto. Subsequently the parties appeared and asked that a referee be appointed to take testimony as to the truth of the charges against Judge Wright, and it appearing necessary to do so, a reference was ordered. Thereafter the parties hereto expressed a preference that neither of the Supreme Court referees be designated; then, upon joint request and agreement of the parties, the Honorable Robert M. Rainey, former Chief Justice of this court, was appointed referee to take testimony and report findings of fact.

Having taken the testimony, he filed his report and findings of fact. The plaintiffs filed motion to confirm same, and defendant filed objections to same. The questions involved have been briefed and orally argued. It is unnecessary to set out the findings of fact in full or the evidence upon which they were based, such findings, in our opinion, being supported by the evidence. The clear, outstanding fact that both parties to the suit below were afraid of Judge Wright; each party afraid that the other might exercise some undue or corrupt influence over him; each party suspecting that he was susceptible to such influence; each party suspecting the other of exercising such influence over him and fearing his yielding to such influence; neither party fully trusting him—these facts being publicly known, and the further fact that the honorable referee, after hearing and considering the testimony. made findings of fact which are supported by the evidence and which tend to justify the mistrust which the parties and the public felt toward Judge Wright, are sufficient in themselves to constitute

grounds for his disqualification. Equity will not give its sancton to such condition.

The suits pending before him were suits which invoked the equity powers of the court; suits which necessarily appeal to the pure sense of exact justice and call to the clean conscience of the chancellor for relief. Courts of equity are charged with too sacred a mission to allow shadows upon their scale beams, and the chancellor who holds the scales should keep himself above all just grounds for suspicion as to his honesty and fairness. No condition could be fraught with graver consequences than that litigants and the public should lose confidence in the integrity of courts of justice.

Hence, whatever the conduct of Judge Wright may have appeared to be, or whatever his real intentions may have actually been, they were of such character as to give rise to doubt on the part of the parties to the suits as to whether he would render a just decision, and such as gave rise on the part of the public to a belief that he had accepted a bribe.

Courts must maintain a standard of justice which leaves no valid reasons for a lack of faith in them. The conduct of defendant, whether intentionally corrupt or whether a mere indiscretion, was such as gave rise to public doubt as to whether he would render a fair and impartial judgment, and it is clearly apparent that neither party to the suits before him have shown any commendable degree of trust in him. Under these conditions any decision which he might render in these cases would be unsatisfactory to the parties thereto and leave a doubt on the part of the public, which would tend to lessen its faith and trust in the integrity of the courts. This line of view has support in the following authorities: Ex parte Ellis, 3 Okla. Cr. 220, 25 L. R. A. (N. S.) 653, 105 Pac. 184; People ex rel. Roe v. Suffolk Common Pleas, 18 Wend. (N. Y.) 550; State v. Board of Education (Wash.) 40 L. R. A. 320; Crook v. Newborg (Ala.) 27 South. 432; Yazoo & M. V. R. Co. v. Kirk (Miss.) 42 L. R. A. (N. S.) 1175; Carr et al. v. Duhme (Ind.) 78 N. E. 322; Stahl v. Board Supervisors (Iowa) 11 A. L. R. 191, 175 N. W. 772, 15 R. C. L. 539; Denison v. Christopher (Okla. Cr.) 200 Pac. 783, decided Sept. 22, 1921, vol. 16, Okla. App. Ct. Rep. p. 182.

In view of the conditions presented, we are at a loss to know why the defendant should decline to disqualify himself. The fact of such condition, it seems to us, should impel him voluntarily to disqualify himself and willingly do so. The fact that

the accusations against him and the filing of the charges by the public against him and the filing of the charges herein against him may have aroused a personal combativeness or have stung a personal pride or have inspired a resolve for personal vindication, is of too light consequence to be weighed with the sacred honor which courts of equity must maintain.

Under this view, we are of the opinion that the report of the Honorable Referee, being supported by the evidence, should be confirmed, and that mandate should issue to the said Lucien B. Wright, directing him to disqualify himself from sitting in judgment in any of the controversies growing out of the question of title to the Lete Kolvin allotment, and that he should be peremptorily prohibited from sitting in judgment in any of such controversies, and it is so ordered.

PITCHFORD, V. C. J., and JOHNSON, ELTING, and KENNAMER, JJ., concur. KANE, J., concurs in the conclusion. McNEILL and MILLER, JJ., not participating.