**TIGER et al. v. COKER et al.**

No. 26775.     May 25, 1937.

C. D. Lewis, for plaintiffs in error.

Cochran & Noble, John L. Norman, 'and A. D. Kennedy, for defendants in error.

PHELPS, J. The only statement of the case which is shown in the brief of plaintiffs in error is the following, copied therefrom:

"The instant appeal is from a purported decree of the district court of Okmulgee county, Oklahoma. and the proceedings had relating to the same."

The plaintiffs in error then proceed to argue the case as if we were fully informed of the pleadings, the facts, 'and the issues of law. Excluding possible guesswork, surmises and conjectures, we gain no idea whatsoever from their brief concerning the nature of the case. or what the argument is about. A few brief excerpts from the testimony of two witnesses are set forth in the brief, arguendo, but without a statement of the pleadings, the facts, and the issues these excerpts are of no help to this court in determining the merits of the contention of plaintiffs in error, assuming that we could make out from the brief just what that contention is.

Rule 15 of this court (177 Okla. vii, 65 P. (2d) xxxiii) is in substance the same rule which has been in force for many years. It requires that the brief of the moving party shall contain an abstract of the record, setting forth the material parts of the pleadings, proceedings, facts, and documents upon which the party relies, together with such other statements from the record as are necessary to a full understanding of the questions presented to this court for decision, so that no examination of the record itself need be made by this court. The rule further provides that if the answering party shall contend that such abstract is incorrect or incomplete, his brief shall contain an abstract correcting any such inaccuracies and supplying any such omitted portion of the record, but the construction of the rule heretofore adopted by the court, and put into effect, has been that the plaintiff in error cannot evade the duty imposed upon him by the rule, by thrusting it upon the defendant in error. If this were not the proper construction of the rule, then the plaintiff in error could impose the labor and expense which it is rightfully his duty to assume, and which expense in the printing of briefs is sometimes quite substantial, upon his adversary.

The following from the brief of defendants in error is wholly correct and meritorious:

"At the outset we call the court's attention to the fact that plaintiffs in error have entirely failed to comply with the rules of this court in their brief. The only statement of the case shown in the brief is that denominated 'Preliminary Statement' on the first page and consisting of three lines, reading as follows:

"'The instant appeal is from a purported decree of the district court of Okmulgee county, Oklahoma, and the proceedings had relating to same;'

—"and on page 4 of their brief they set out their contention as expressed in the opening statement of their counsel in the court below. No further effort is made to advise this court just what the character and nature of this action now brought on appeal to this court is, and this court will not search or examine the record to ascertain just what they are trying to have it review. This court held in Ferguson v. Union National Bank. 23 Okla. 37. 99 P. 641, and also in Re First State Bank of Oklahoma City, 68 Okla. 88, 171 P. 864, that the primary object of a brief is to convey information to the court, and it must clearly state the manner in which the controverted points arise, the facts which constitute the ground work of the legal dispute and the govern-

ing propositions of law. This holding has been strictly adhered to. Brunson v. Emerson, 34 Okla. 211, 124 P. 979; Hoover v. State, 73 Okla. 112, 175 P. 117; Stone v. Easter, 93 Okla. 68, 219 P. 653; Shaw v. Stevenson, 119 Okla. 182, 249 P. 306; Arnold v. Idiker, 29 Okla. 687, 119 P. 125; Davis v. Williams, 32 Okla. 27, 121 P. 637; Eby v. Krause, 35 Okla. 689, 130 P. 1100; Dickson v. Low, 38 Okla. 216, 132 P. 354; Welch v. Cotton, 67 Okla. 324, 170 P. 1174, and upon the authority of these cases defendant in error now moves the court to either affirm the judgment of the trial court or to dismiss the appeal."

The foregoing is the first reason why either the appeal should be dismissed or the judgment affirmed.

The second reason is that the facts of the case, as reported in the brief of defendant in error, which statement of facts is not controverted by the plaintiffs in error, will be taken as true, and being so taken, indicate in the present case that the appeal is without merit. Where the brief of plaintiff in error does not contain a statement of the facts, and the brief of defendant in error does contain a statement of facts, which statement is not controverted or disputed by the plaintiff in error, such statement will be taken as the facts of the case for the purposes of deciding the appeal, if the appeal is not dismissed for failure to comply with the rules.

From the statement of facts as contained in the brief of defendant in error it appears that, reduced to its simplest terms, this case is one in which a judgment was rendered and a journal entry thereof was prepared, approved in writing by counsel for both sides of the case, signed by the trial judge, who was an assigned judge, and filed in the office of the court clerk, but subsequently was lost through no fault of any of the parties; that thereafter a carbon copy of the journal entry was obtained from the office of one of the attorneys, which copy contained inadvertent inaccuracies, including an error in the first name of the assigned judge who had signed the original journal entry, and same was improperly substituted in the files for the original which had been lost; that plaintiffs in error moved to strike this substituted journal entry and said motion was sustained; that thereafter the court ordered the entry nunc pro tunc of the judgment as originally rendered, identical verbatim with the original journal entry and that no objection was made that the journal entry which was filed by the nunc pro tunc order was not identical with the original. Plaintiffs in error do not question the cor-

rectness of the original journal entry, nor do they question the correctness of the journal entry which was filed nunc pro tunc for the original. Their motion to strike the substituted copy was sustained. This being the case, we see no merit to the appeal. Any error that was made by the entry of the carbon copy was corrected upon plaintiffs in error's own motion, and certainly no objection can be made to the court's order correcting its own records, or making said records definite, true, and certain. The nunc pro tunc order dated the journal entry from the date of the original journal entry which had become lost. In Courtney v. Barnett, 65 Okla. 189, 166 P. 207, we said:

"Jurisdiction is inherent in every court of record to cause its records to speak the truth and by nunc pro tunc order, on proper application and notice, to cause to be entered orders and judgments made by the court which, by inadvertence or mistake, the clerk or the court has omitted to record."

In some instances the entry of a nunc pro tunc order is held erroneous where intervening rights have accrued by reason of the nature of the original order, or failure to enter such order, if such rights would be adversely affected by the nunc pro tunc order, but there is no contention of any such situation in this case.

It is apparent from the above that this appeal should be dismissed or the judgment be affirmed.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY and GIBSON, JJ., concur.