FEAGIN et al. v. FIFE et al.

No. 32319. Nov. 26, 1946.

Rehearing Denied Dec. 17, 1946.

175 P. 2d 81.

Speakman & Speakman, of Sapulpa, and Carter Smith, and John Rogers, both of Tulsa, for plaintiffs in error.

J. D. Simms, of Tulsa, and R. A. Wilkerson, of Pryor, for defendants in error.

OSBORN, J. This is an appeal from an order of the district court of Creek county, denying a motion for an order nunc pro tunc. The sole question presented is whether the trial court erred in holding the evidence insufficient to justify the making of the requested order.

The facts are undisputed. The action was filed on September 1, 1915, by Lena Nelson, a minor, by Ed Hart, her guardian, and Rhoda Fife, nee Nelson, against John T. Milliken and numerous other defendants. It involved the title to the Lete Kolvin allotment in the Cushing oil field. Plaintiffs claimed to be the sole heirs of Lete Kolvin, and sought to recover possession of the land and damages for oil unlawfully taken there-

from by defendants. The number of this case was 4753. A number of other actions involving the title to this allotment were filed by various persons claiming title thereto, and at some time prior to September 15, 1920, all these cases, including the case at bar, were consolidated for trial as case No. 6537.

On September 15, 1920, the trial court made an órder in the consolidated case setting September 25, 1920, as the day on which all motions and demurrers pending and undisposed of would be heard and disposed of, and setting the case for trial on the merits on October 20, 1920. The order provided for service by mailing copies thereof to the respective attorneys of record for the various parties to the consolidated case. Prior to the order of consolidation answers had been filed in the case at bar by the various defendants, and the cause was at issue. The record reveals no objection by any of the parties to the order of consolidation.

Trial of the consolidated case began on January 18, 1921, although no order continuing the trial from the date originally set, October 20, 1920, is shown in the record. Plaintiffs in the case at bar were represented by two firms of attorneys, one at Muskogee, the other at Okmulgee. No attorney appeared to represent plaintiffs when the consolidated case was called up on January 18, 1921. A part of the record of the proceedings on that date was introduced in evidence at the hearing on the motion for order nunc pro tunc, and it shows the following:

"Mr. Rowe: Now, if the court please, there are three or four other cases that are settled and dead and if they were out of the way, I don't just remember which ones they are, I think Lena Nelson is one of them, No. 4753. The attorneys have quit. I think they have settled probably. They say they have. I don't know whether that is Mr. Lawson or who it is. Mr. Chandler: That is Joe Stone and Moore & Noble, and the Amos Harjo case, that is Colonel Lawson's case."

Then after considerable discussion, the following occurred:

"Judge Chandler (attorney for Sinclair Oil & Gas Co.): I would like to find out, if your Honor please, who appears for each one of the parties and state what I understand have been dismissed and the cases that are still left, if the court and counsel will agree to that, so we can understand where we are. It is my understanding, case No. 6537, William Barnett v. The Minnehoma Oil Company et al. has not been dismissed. The case of Lena Nelson v. John P. Milliken et al. has not been affirmatively dismissed but no one appears for the plaintiff and I think at this time the case should be dismissed because of the default in the prosecution. The Court: Very well, let the record so show. Mr. Lytle: We object to the dismissal of the Milliken case for the reason that we will not have service on Milliken if that is done. It is consolidated in this case. Therefore we object to the dismissal of the case. Mr. Chandler: He never was served in the original case, was he? Mr. Gibson: I don't know. Mr. Chandler: If there is no one here representing him, I don't see— The Court: Overruled. Mr. Lytle: Exception. Judge Chandler: And the case of Amos Harjo v. B. H. Harrison et al., No. 5403, according to my understanding is dismissed as far as everybody here is concerned. I understand this case has been dismissed some time ago."

On the same day the following minute was entered by the court clerk in his minute book:

"Tuesday, January 18, 1921

. Hon. Lucian B. Wright, Judge.

Court convened at 9 o'clock A.M. Jury called and sworn to answer questions, and qualified as jurors for the term of Court.

47—Lena Nelson et al. v. John T. Milliken et al. Dismissed For Want of Prosecution."

No entry was ever made on the journal of the court showing the dismissal reflected by the above minute.

The consolidated case was tried and judgment rendered therein. The then attorneys for the plaintiffs did not participate in the trial, or make other or further efforts to assert the rights of plaintiffs, so far as the record shows.

On February 23, 1945, J. D. Simms, one of the present attorneys appearing for plaintiffs, filed in case No. 4753 a written entry of appearance as attorney for plaintiffs. This instrument recited that the cause was still pending; that the case had been abandoned by the attorneys for plaintiffs, and that plaintiffs had employed Mr. Simms to represent them. Thereafter, on April 25, 1945, an amended and supplemental petition, making additional parties plaintiffs, was filed in cause No. 4753 by Mr. Simms. Thereupon defendants filed their motion for an order nunc pro tunc, alleging that the case had been dismissed for want of prosecution on January 18, 1921, but that through oversight or negligence the court clerk failed to enter the order of dismissal on the journal of the court.

At the hearing on this motion defendants produced the record evidence above set forth. The only evidence produced by plaintiffs was a portion of the findings of fact made by the trial court some six months after January 18, 1921, as follows:

"The Court further finds that Lena Nelson and the Weidner claims offered no evidence herein. That therefore, the court is unable to make any finding of fact with reference to such claim, but finds that Weidner shall take nothing by reason of the allegations of his cross-petition herein."

Defendants contend that the record evidence first above set out conclusively established the judgment of dismissal, and that in such case there was no room for the exercise of judicial discretion, but the duty of the trial court to make the record speak the truth was mandatory, citing 12 O.S. 1941 §705; Clark v. Bank of Hennessey, 14 Okla. 572, 79 P. 217; Hines v. Armstrong, 182 Okla. 344, 77 P. 2d, 671; Friar v. McGilbray, 45 Okla. 597, 146 P. 581, and other cases.

Plaintiffs contend the action taken by the trial court on January 18, 1921, as reflected by the record made by the court reporter of the proceedings, was indefinite, uncertain, without due consideration, and during an informal and casual proceeding, and that the statements made by the attorneys and the trial court did not authorize or justify the minute entry made by the court clerk. They assert that if the trial judge had intended to consider the dismissal of Lena Nelson's case, he would without doubt have made inquiry concerning notice, the identity of her attorneys, and the nature of her claim; that such inquiry would have revealed the fact that she was a minor, and had made a lease on her claimed interest in the land to Sinclair Oil & Gas Company, and that upon ascertaining those facts the court would not have dismissed the case, but would have taken proper steps to safeguard her interests.

We have many times held that it was the duty of a trial court, in a proper proceeding, and upon sufficient proof, to cause to be entered, by order nunc pro tunc, orders and judgments which, by inadvertence or mistake, the clerk of said court has failed to record. Courtney v. Barnett, 65 Okla. 189, 166 P. 207; Mooney v. First State Bank, 48 Okla. 676, 149 P. 1173; Woodmansee v. Woodmansee, 137 Okla. 112, 278 P. 278; Hirsh v. Twyford, 40 Okla. 220, 139 P. 313; Tiger v. Coker, 180 Okla. 175, 68 P. 2d 509.

In Co-wok-ochee v. Chapman, 76 Okla. 1, 183 P. 610, where the only evidence before the district court was the transcript of the evidence in the county court, we stated that we were in as favorable a position to pass upon its sufficiency as the district court, and reversed the judgment of that court. We are in the same position here, since the evidence adduced at the hearing below was portions of the transcript of the trial of the consolidated cases.

We think the record of the proceedings had in the consolidated cause on January 18, 1921, clearly shows that the trial court dismissed the instant case for want of prosecution, and that the minute made by the court clerk on that date correctly reflects the action of the trial court. The action was taken while the court and the attorneys who were present and representing various parties in the consolidated case were endeavoring to ascertain which of the cases so consolidated were to be heard, and to eliminate those which had been settled or previously dismissed, so that the trial of those which were actively contested could be expedited. The statement of Mr. Rowe, above quoted, was made prior to the suggestion of Mr. Chandler that the case should be dismissed because of the failure to prosecute it, and the statement by the court, "Very well, let the record so show", while not formally dismissing the case, sufficiently indicated the action taken. When considered in connection with the surrounding circumstances, it is not susceptible of any other reasonable interpretation. It was so understood both by the clerk and by the attorneys participating in the trial. This is shown by Mr. Lytle's immediate objection quoted above, which was overruled by the trial court.

Plaintiffs contend that the above-quoted excerpt from the findings of fact made by the trial court some six months later plainly discloses that the trial court did not consider his remarks on January 18, 1921, as amounting to a dismissal. We think that statement in the findings of fact was probably due to oversight or faulty recollection on the part of the court. So far as the record shows, plaintiffs were not represented at the trial of the consolidated case, and did not participate therein. The entry of appearance filed by Mr. Simms on February 23, 1945, states that the case was abandoned by the former attorneys. The consolidated case was bitterly contested, and the trial judge was, by this court, required to disqualify. Boxley v. Wright, 84 Okla. 45, 202 P. 306. It is therefore very probable that the reference to the case at bar in the findings was due to

inadvertence or oversight. Such reference, unexplained, does not warrant disregard or misinterpretation of the record evidence of the previous judgment of dismissal.

Plaintiffs urge that for various reasons the judgment of dismissal, if rendered, was void, and a nullity which could be attacked at any time. The validity or invalidity of the judgment is not presented by this proceeding. The sole question is whether the evidence establishes that such judgment was in fact rendered. Since we hold that the evidence conclusively establishes its rendition, the action of the trial court in refusing to correct the records to so show was erroneous.

Reversed.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, WELCH, DAVISON, and RILEY, JJ., concur.