## PARKS v. BRIGGS.
### No. 34968.

Supreme Court of Oklahoma.
Feb. 9, 1954.

Rehearing Denied March 16, 1954.

Application for Leave to File Second Petition for Rehearing Denied April 6, 1954.

Fred W. Martin, Wagoner, for plaintiff in error.

Finch & Finch, Sapulpa, for defendant in error.

WELCH, Justice.

This action commenced in July, 1948, is in ejectment and to quiet title to real estate. The plaintiff, in pleading, deraigned his title to the land and averred that the defendants claim some interest in the land and that the defendants are without right, title or interest in said land; that a "naked trust" deed to the said property was executed without consideration to the defendant, Robert M. Meith; that the defendant, R. L. Briggs, has been in wrongful possession of the said land since the first day of July, 1942. Plaintiff prayed judgment that his title and right of possession to said land be quieted against the defendants, and that he be placed in immediate possession, and further that the said deed to the defendant, Robert M. Meith, be cancelled and that the plaintiff have judgment against the defendant, R. L. Briggs, for the amount of the reasonable rental value of the said land from and since the first day of July, 1942.

The defendant Meith filed no pleadings nor made any appearance in the case.

The defendant R. L. Briggs pleaded ownership of the land under and by virtue of a certain resale tax deed executed and delivered pursuant to resale proceedings in May, 1942, and further that the said defendant has at all times for more than fifteen years next preceding the filing of the plaintiff's petition been in peaceful possession of the said land.

The plaintiff in further pleading alleged a state of facts in attack on the validity of the said resale tax deed, and renewed the prayer of his petition as against the defendant Briggs.

During pendency of the action on issues made by the pleadings of the plaintiff, and the defendant. Briggs, Honorable C. O. Beaver, District Judge, was succeeded in office by Honorable Kenneth Hughes. In trial proceedings before Judge Hughes the plaintiff introduced record evidence showing his succession to the record ownership of the land in 1930, following a regular chain of conveyances commencing with patent from the Federal Government. The plaintiff also introduced evidence relating to the defendant's resale tax deed. The defendant Briggs introduced record evidence showing a conveyance of the property in 1934 to Robert M. Meith by one acting under power of attorney from the plaintiff. The parties each announced a rest of their case. The trial court then adjourned the hearing in such time that the parties were directed to present written briefs. Within a few days thereafter the plaintiff filed an application for order nunc pro tunc praying that entry be made on the journal of the court showing that at a certain date judgment was rendered in the case against the defendant, Robert M. Meith, quieting title to the land in the plaintiff as against the defendant, Robert M. Meith, as prayed in the plaintiff's petition.

After a further hearing of the parties, the plaintiff and the defendant Briggs, the motion for order nunc pro tunc was denied and judgment was entered for the defendant Briggs.

In appeal the plaintiff contends the court erred in refusing to make nunc pro tunc entry of judgment against the defendant Meith, and that the court erred in rendering judgment in favor of the defendant Briggs, and in refusing judgment in favor of the plaintiff and against the defendant Briggs.

On hearing on the application for an order nunc pro tunc the plaintiff introduced in evidence a typewritten entry from a "Minute Book" kept in the office of the court clerk, which entry reads as follows:

"26833, Oscar Lonnie Parks v. R. L. Briggs, et al., Motion of Deft. Briggs to Make More Definite & Certain overruled. Exceptions. 10 days to plead further or 20 days to answer. Court finds Deft. Robert M. Meith to be in default and quiets title in Pltf. to property involved against Deft. Meith, all as per Order to be filed herein."

A former deputy court clerk, in testimony, identified the said book entry as being a copy of a writing he had made in longhand in connection with the performance of his duty of taking the minutes of the district court.

One L. E. Schneider testified, in substance, that on a former occasion he had testified in the case of Parks v. Briggs, and before Judge Beaver, and that at said time a judgment was rendered against the defendant Meith. The witness identified the said deputy court clerk as being present at said time of his testimony before Judge Beaver.

The attorney for the plaintiff testified, in substance, that on the alleged date of rendition of judgment against Meith, the said attorney and L. E. Schneider appeared at the courthouse and before Judge Beaver, that evidence was then introduced, that the said Schneider and the said attorney each testified; that Meith was adjudged in default and judgment was rendered against Meith cancelling his deed and quieting title in the plaintiff as against Meith.

One of the attorneys for the defendant Briggs testified that he was in the courthouse on the date mentioned by the preceding witness and that on said date the preceding witness and Mr. Schneider were present, and that a motion of the defendant Briggs was overruled, and the said defendant Briggs was given additional time to plead; that the witness then left the courthouse and that he was not present on said day when any testimony or evidence was introduced or when any other order or judgment was rendered.

■ In Woodmansee v. Woodmansee, 137 Okl. 112, 278 P. 278, it is said:

"The function of a nunc pro tunc order is to put upon the record a true

memorial of what did indeed occur in the litigation of the case, but about which the record of the court speaks, either imperfectly or incorrectly, or else is silent."

In Feagin v. Fife, 198 Okl. 57, 175 P.2d 81, 84, it is noted:

"We have many times held that it was the duty of a trial court, in a proper proceedings, and upon sufficient proof, to cause to be entered, by order nunc pro tunc, orders and judgments which, by inadvertence or mistake, the clerk of said court has failed to record. Courtney v. Barnett, 65 Okl. 189, 166 P. 207; Mooney v. First State Bank, 48 Okl. 676, 149 P. 1173; Woodmansee v. Woodmansee, 137 Okl. 112, 278 P. 278; Hirsh v. Twyford, 40 Okl. 220, 139 P. 313; Tiger v. Coker, 180 Okl. 175, 68 P.2d 509."

Herein, the only question presented by the application for the nunc pro tunc order was: What is the truth as to whether or not a judgment or decree was rendered by the court, on the date, and of the terms, as alleged in said application?

We find the evidence and testimony herein wholly sufficient, and of such cogency as to leave no doubt that a judgment was rendered as alleged in the application for nunc pro tunc order. In the light of the facts found, we hold it was error to refuse to make a nunc pro tunc entry of the judgment.

In the trial of the issues between the plaintiff and the defendant Briggs it was shown, and not disputed, that in the notice of the resale upon which the defendant's tax deed is based there was included taxes not delinquent at the time of the first publication of said resale notice. In such circumstances of the notice of a sale of the land for taxes not delinquent, the resale and deed issued thereon is void. Bridwell v. Goeske, 200 Okl. 244, 192 P.2d 656, and Williamson v. Hart, 199 Okl. 328, 186 P.2d 71, and cases therein cited. The defendant Briggs made no showing of any right in possession or claim of title except under the resale tax deed.

With consideration to the judgment rendered against the defendant Meith and in favor of the plaintiff, and with consideration to all the evidence hereinbefore mentioned and relating to the plaintiff's claim of title and right to possession of the lands involved, we find the plaintiff was entitled to judgment against the defendant Briggs.

The judgment of the trial court is reversed, and the cause is remanded, with directions that the trial court cause entry of judgment nunc pro tunc in accord with the plaintiff's motion, and further that judgment be entered for the plaintiff quieting his title and right to possession as against the defendant Briggs.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, ARNOLD, and WILLIAMS, JJ., concur.