L. L. DURANT *v.* H. J. PRATT, J. J. PRATT AND E. CARDELL.

[IN CHANCERY.]

*Estoppel. Master. Practice.*

1. The orator having brought a bill to foreclose his mortgage, the defendant, J. J. P., owning a prior mortgage securing two notes, one for $100, and the other for $1400, is not *estopped* from proving the true amount of his mortgage, by reason of having testified on the question of alimony in a divorce case in which he was a party, that his mortgage amounted to only $100, although the orator was his attorney at that time, and relying on the truth of the testimony, advanced money, and took his mortgage; and this, on the ground that the orator was not the party making the inquiries, and that the defendant had a right to know what was the object of the inquiry, and that his answer would be relied on; and this he could not have known.

2. The master should have found whether the claim had been paid; but instead of this he reported the evidence and referred the question to the court. The court dispose of the case as though the proofs had been taken under our former practice.[*]

BILL of foreclosure with a prayer to redeem prior mortgages. Heard on a master's report, March Term, 1881. REDFIELD, Chancellor, decreed that the orator should pay, as a prior incumbrance, the Mann decree, paid by J. J. Pratt,—$599.18, with interest; and that the J. J. Pratt mortgage, as against the orator was extinguished except the $100 note. Appeal by defendants.

The master found that the said H. J. Pratt executed a mortgage on the premises in question in 1864 to one Mann; that in 1872 he executed a second mortgage to said J. J. Pratt, securing one note for $100, and another note for $1400; that the orator attached the premises and obtained a judgment against H. J. Pratt in 1876; that the Mann mortgage was foreclosed in 1880; that J. J. Pratt paid the amount of the decree; and that H. J. Pratt executed the mortgage to the orator in 1878. As to the questions decided by the court the master reported as follows:

But in absence of direct testimony of fraud or collusion, I find that the defendant H. J. Pratt did have the money and merchan-

---

[*] See Randall *v.* Randall, *ante,* 214.—REP.

dise charged in said specification, and that the same is a lien upon said premises to the amount of $668.65, and the interest thereon, in favor of the said J. J. Pratt, unless the court should determine from the following facts that the same had been paid or that the said J. J. Pratt was estopped from setting up the same against the orator as a prior incumbrance.

At the March term of Washington County Court, 1877, Emma C. Pratt, wife of J. J. Pratt, was granted a divorce from the said .J. J.; and on the hearing, the question of alimony became an important matter; and the said J. J. Pratt was examined on oath as to his property. Mr. Durant, the orator, was the attorney of J. J. in that proceeding. At this time H. J. Pratt was indebted to the orator, and also to Randall & Durant, of which last claim the orator was the assignee.

Previous to this time and in April, 1874, the said Durant, as solicitor in the suit for foreclosure of Geo. W. Mann v. H. J. and J. J. Pratt and Randall & Durant, drew the answer of the said J. J. Pratt, filed in that cause, in which the said J. J. Pratt sets forth that his claim under his mortgage against the said H. J. would not exceed at that date, $700.

A large number of witnesses were introduced by both the orator and defendants, as to what the defendant, J. J. Pratt, testified to on the trial of the divorce cause as to his property, and especially as to his claim against his brother, H. J. Aside from the orator, there were several witnesses who were present, and heard the said J. J. testify, who were interested in knowing the extent of the claim against H. J. It is conceded that the said J. J. testified as to a note he had against his brother of $100, secured by mortgage. It was claimed on the part of the defendants that the said J. J., after enumerating certain property, said he had a note of $100 secured by mortgage against his brother and an unsettled book account.

But I find that the said J. J. Pratt testified at the March term aforesaid, when examined,—whether intending to withhold some portion of his estate or from misunderstanding the purport of the inquiry put to him—[stated] that his brother, H. J., owed him a $100 note secured by mortgage; and that he made no other claim against his brother on that hearing. I further find that in all transactions with the said Hiram J. since that time, the orator has relied upon and acted upon the faith of the testimony of the said J. J. as to said H. J.'s indebtedness to him aforesaid, and has made advances of money, raised money to pay the balance of bail, and performed services for the said H. J., upon the understanding aforesaid, and that the said J. J. or H. J. Pratt never claimed

to the orator until after the liability to him of the said H. J. had become fixed that the said J. J. had any lien on said premises except the $100 aforesaid.

Other evidence of payment was submitted to the court; but it is unnecessary to state it.

*Fisk* and *Senter*, for defendants.

No estoppel. 25 Vt. 298; .38 Vt. 653; 35 Vt. 214; 30 Vt. 307; 38 Cal. 300; 6 Ind. 347; 73 N. C. 613; 32 Ala. 314.

*L. L. Durant* and *S. C. Shurtleff*, for the orator, cited on the question of estoppel, *Bank* v. *Bank*, 53 Vt. 82; *Moore* v. *Jones*, 23 Vt. 745; *Soper* v. *Frank*, 47 Vt. 368; 30 Vt. 237; 38 Vt. 578; 39 Vt. 596; 23 Wall. 454.; 96 U. S. 716; 97 U. S. 45; 100 U. S. 578; 26 Vt. 287; *Horn* v. *Cole*, 51 N. H. 287, 300, (an exhaustive case.)

The opinion of the court was delivered by

TAFT, J. This case was heard on a master's report. But one question is made in the case, and that is, whether there is more than one hundred dollars due the defendant, J. J. Pratt, under the mortgage dated May 31, 1872.

The master reported that a valid claim did exist under said mortgage, in addition to the one hundred dollar claim, amounting to six hundred and sixty-eight dollars and sixty-five cents, which, with interest, was a lien on said premises in favor of J. J. Pratt, " unless the court should determine from the reported facts that the same had been paid, or that the said J. J. Pratt was estopped from setting up the same, against the orator, as a prior encumbrance." On the facts reported no estoppel is shown. *Hackett* v. *Callender et al*, 32 Vt. 97, is decisive against the orator on this question. In that case it was held that where a person was inquired of in respect to a matter in which his answer might affect his pecuniary interest, he had a right to know that the person had an interest which entitled him to make the inquiry, what the object of the inquiry was, and that the answer would be relied upon.

The case at bar lacks all these elements. The orator was not

the party making the inquiries in reply to which the information was given ; at the time he had no interest in the premises, and the defendant could not have supposed that the orator was asking for information with reference to his rights, for he had none. The orator cannot stand upon the ground of an estoppel.

The master should have reported whether the claim had been paid or not. Instead of so doing, he has reported the evidence tending to show such payment, and refers the question to the court. No exceptions were taken to the report, and we think it proper, under our practice in chancery, for the court to pass upon the evidence, and find the fact proven or not proven, the question being submitted to us upon the evidence. It will be disposed of as though the proofs had been taken under our former practice. We are, considering the evidence, clearly of the opinion that the note was paid and extinguished.

The decree is affirmed, and cause remanded.