## In re CAMPBELL'S GUARDIANSHIP.

No. 25694. Sept. 11, 1934.

Garrett Logan, for plaintiff in error.

F. E. Riddle, for defendant in error.

BAYLESS, J. This appeal resulted from the judgment of the county court of Tulsa county, Okla., which was appealed to the district court of said county, and from that court to this court.

The matter presented is one of law only, the facts being agreed upon. Edith M. Campbell died, a resident of Tulsa county, Okla., survived by her husband and two minor children, intestate, and possessed of certain real estate which was used in her lifetime as the statutory family homestead. This property descended to her husband and children, a one-third undivided interest to each. Prior to her death she and her husband had mortgaged this property. At the time this matter was first called to the attention of the county court this mortgage indebtedness was approximately $3,000, with interest and unpaid taxes in addition. An action to foreclose this mortgage had been filed, judgment of foreclosure had been rendered, and the property was subject to sale for the satisfaction of this judgment. The husband had been appointed legal guardian of the children. After the rendition of the foreclosure judgment, the husband, on behalf of himself, and as legal guardian of the children, sought to mortgage the property for a sum sufficient to redeem the property from foreclosure sale. In pursuance of this plan, and as legal guardian of the minor children, he applied to the county court for authority to execute the mortgage on their behalf. A guardian ad litem for the minors was appointed, and he contested the application for authority to execute the mortgage on behalf of the minors, and from a judgment adverse to his contention this appeal resulted, as aforesaid.

The sole proposition of law presented by the guardian ad litem may be stated thus: The title to this property is vested in the father and children, and the county court has no authority to approve a mortgage upon either of the minors' share of this property for an amount greater than the proportionate share of the debt chargeable to the respective shares of said minors. In other words, it is contended that one minor's share in the property may not be pledged for the entire debt, which would be in effect pledging one minor's property for the entire debt. Or,

to state the matter another way, the county court could only authorize a mortgage upon the minor's property equal to the part of the debt chargeable to that share of the property.

The section of our statutes governing the authority to mortgage a ward's property is 1267, O. S. 1931 (1260, C. O. S. 1921), the pertinent portion of which reads:

"The county judge may, * * * by an order, grant authority to * * * the guardians of estates of minors * * *to execute a new mortgage for the purpose of paying off and securing the release of any * * * mortgage or lien. * * *"

The appellant cites and relies upon the case of Fowler v. Humphrey Investment Co., 142 Okla. 221, 286 P. 867, as controlling in this case. In that case was cited Howard v. Bryan, 133 Cal. 257, 65 P. 462. We have read both of these cases, and find that the facts involved in each case are so different from those in the case on appeal as to make those cases of little assistance herein. It is sufficient to say that in each of those cases the mortgages authorized to be made were for an amount in excess of the indebtedness then upon the property, and included in this excess was personal indebtedness of the guardian for which the estates of the minors were not liable. In the Oklahoma case, the amount included the purchase price of 40 acres of land purchased by the guardian, in his own name, and added with the 40 acres owned by the guardian and the wards in common. In the California case the amount of the authorized mortgage included indebtedness then upon the property, personal indebtedness of the guardian, and indebtedness of the minors' estate to the guardian, which was claimed by the guardian, but never had been presented and allowed as provided by law.

The appellee cites and relies upon the case of First National Bank v. Bangs, 91 Kan. 54, 136 P. 915. In this case the facts more nearly coincide with those in the case under consideration, and the discussion therein is more reasonable and logical than in the California case. The California case is noticed and expressly disapproved therein. In the Kansas case it is said:

"We cannot assent to the propositions that in this state the probate court has no jurisdiction to authorize a guardian to execute a mortgage upon real estate owned by several wards, giving a lien upon all the property for the whole debt secured. Obviously there ought not to be such a complication of interests if it can well be avoided. But in some circumstances it may be unavoidable. If the mortgage is given to take up an existing incumbrance covering the whole property, it is manifest that no injury can result. In a particular case the making of a mortgage may be absolutely necessary to save the property to the minors, and at the same time it may be that no mortgage will be accepted except in 'blanket form'; the entire debt being made a lien on all the property. Such a condition might exist where a tax lien is about to ripen into a title. The probate court has jurisdiction to inquire and determine whether, in a given case, such a situation is presented, and, if a mistake of judgment is made, the mortgage is not therefore invalidated. Here the findings show that there was urgent need of a loan; the property had been sold at judicial sale upon a tax lien; the period within which redemption could be made was about to expire; and there was no other source from which the money to redeem it could be obtained."

In the case under consideration the minors inherited certain undivided interests in real property; this real property was subject to a blanket mortgage lien; this lien had been foreclosed and the property was about to be sold and lost to the minors; there was an urgent need of the money, and it could be obtained only through the Home Owners Loan Corporation established by the United States government to take care of the necessities of property owners; and it is impossible to obtain a piecemeal mortgage. In our opinion, it is no violation of the property rights of these minors to permit the execution of a blanket mortgage, for an amount necessary to redeem from the existing indebtedness, to renew or replace a blanket mortgage in existence when the minors became the owners of the property. Prior to the death of their mother the title was undivided and the debt and lien were undivided. Upon the death of the mother, by the operation of the law, the title became divided, but we know of no law which had the effect of dividing the debt and the lien. If a new mortgage is not made and the property redeemed, it cannot be said that one of these minors may tender a part of the debt to the mortgagee and demand a release of his interest in the property. The design of the law is to protect the property of the minors to the best of its ability under all of the circumstances, and guardians are provided for and appointed to enable the property of a minor to be administered, within the limits prescribed by law, for his best interest as though he were an adult and unhampered. To say that when a minor in-

herits an undivided interest in certain real estate which is incumbered by a blanket mortgage, the probate court has not the authority, upon proceedings prescribed by law and in the manner and to the extent prescribed by law, to authorize the renewal of that mortgage or the execution of another mortgage to secure its release because the minor's interest in the real estate is being thereby subjected to the payment of another's debt and said minor is likely to lose his property as a result thereof and to be prejudiced thereby, is to lose sight of the design of the law, to say nothing of the present situation, whereunder the minor is in the process of losing the real estate, which the law undertakes to save for him by refusing to let it be used to redeem from the mortgage by which it is being lost. This is not reason or logic.

Upon the facts of this case the judgment of the district court of Tulsa county, Okla., approving the judgment of the county court of Tulsa county, Okla., granting permission to the guardian to execute said mortgage, is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and WELCH, JJ., concur.