### LESLIE v. HAMMOND et al.
### SAME v. DAVIS et al.

No. 25673.  Oct. 15, 1935.

G. E. Cassity, for plaintiff in error.

Wellington L. Merwine, for defendants in error.

PER CURIAM. This appeal is the result of an action by Ray C. Davis, as next friend of Byron W. Payton, Jr., and Thelma Hammond, minors, against S. B. Leslie to recover an undivided four-ninths interest in 160 acres of land, more or less, and to quiet title to the same; and a suit by S. B. Leslie against Ray C. Davis, Mattie Payton Davis, and the latter's two children by a former marriage, Bryon W. Payton, Jr., and Thelma Hammond, in ejectment and to quiet title to all of said land. The two cases were consolidated.

The facts are that Byron W. Payton died intestate in August, 1914, at which time he was the owner and in possession of certain real estate situated in Okmulgee county, which at the time of his death was encumbered with mortgages. The property was inherited by his widow, Mattie Payton, and three minor children, Wahneta Payton, now Trindle, Thelma Payton, now Hammond, and Bryon W. Payton, Jr.

These mortgages became due about December 1, 1922. The holders of the mortgages demanded payment and threatened to foreclose the mortgages. To avoid foreclosure of the mortgages, the widow, who had remarried, and whose name was Mattie Payton Davis, and her husband, Ray C. Davis, and Wahneta Trindle, as adults, and Mattie Payton Davis, as guardian of her two minor children, Thelma Payton, now Hammond, and Byron W. Payton, Jr., borrowed from the Commerce Trust Company of Kansas City, Mo., a sum sufficient to pay the amount then due on the old mortgages, taxes, and expenses incidental to the completion of the loan.

These parties executed notes to the Commerce Trust Company to the extent of $2,640, by one note for $2,200, due January 1, 1933, and a second note for $440, payable in five annual installments of $88 each. These notes were secured by two mortgages in the respective amounts. The county court of Okmulgee county directed the execution and delivery of the notes and mortgages.

On February 17, 1926, Mattie Payton Davis and her husband, Ray C. Davis, and Wahneta Trindle, as adults, and Mattie Payton Davis,

as guardian of Thelma Payton, now Hammond, and Byron W. Payton, Jr., executed and delivered to the plaintiff in error, S. B. Leslie, their note in the sum of $400, secured by a mortgage due December 11, 1926, and covering the real estate in question. On October 11, 1927, the guardian petitioned for approval of this real estate mortgage in the county court of Okmulgee county, alleging the amount was used for the purpose of paying delinquent taxes on the real estate, and that the real estate was about to be sold for taxes, and an order was made on that date ratifying and confirming the execution of said note and mortgage.

On March 18, 1927, the Commerce Trust Company filed suit for the foreclosure of its second mortgage in the sum of $440, for failure to pay the installments thereof, and for failure to pay interest installments on the first mortgage and delinquent taxes, and prayed for a judgment against Mattie Payton Davis and against the other parties executing said notes and mortgages for the sum of $882.66; with interest and attorney fees, and for foreclosure of the said second mortgage.

In this action the plaintiff in error, S. B. Leslie, was a defendant by reason of his mortgage, and in this action S. B. Leslie set up his mortgage. Judgment was rendered therein on March 24, 1928, in favor of the Commerce Trust Company for the sum of $882.62, with interest at 8 per cent. from May 15, 1927, and for the sum of $87.26 attorney fees, and the same was decreed a lien on the real estate and premises, subject only to the first mortgage of Commerce Trust Company. Judgment was also rendered in favor of S. B. Leslie and against defendants in the sum of $481.94, wth interest at 10 per cent. from March 24, 1928, and the further sum of $58.20 attorney fees, and the same was declared a lien on said real estate and premises, subject to the liens of the Commerce Trust Company, and for foreclosure of said liens. Thereafter execution was issued of praecipe filed by the Commerce Trust Company, and the property advertised and sold at sheriff's sale to S. B. Leslie for the sum of $1,200, the sale confirmed and sheriff's deed was executed and delivered to S. B. Leslie on the 14th day of November, 1928.

The defendants remained on the property until January of 1932, and when the defendants refused to deliver possession, the plaintiff in error, S. B. Leslie, brought his action in ejectment.

The defendants in error had previously brought action for recovery of their undivided four-ninths interest and cancellation of said sheriff's deed and proceedings preceding the same, and declaring said notes and mortgages foreclosed null and void.

Upon trial of said consolidated cases, judgment was rendered on December 22, 1933, in favor of Thelma Hammond and Byron W. Payton, Jr., and against the plaintiff in error, S. B. Leslie, vacating, canceling, and holding for naught the mortgages and notes previously sued upon and foreclosed and sheriff's deed previously issued and all orders, judgments, and decrees preceding the execution and delivery of the same in so far as the same divested the interest of Thelma Hammond and Byron W. Payton, Jr., of their undivided four-ninths interest in and to said property and quieting their title to the same.

Judgment was further rendered in favor of the plaintiff in error, S. B. Leslie, to the extent of an undivided five-ninths interest in said property, and awarded possession of the same as a tenant in common with Thelma Hammond and Byron W. Payton, Jr., From that part of the judgment adverse to him, the plaintiff in error has appealed by proper proceedings to this court.

The propositions of law presented for the necessary determination of this matter will now be considered.

█ There is first presented for our determination the question as to whether or not the title to this property being vested in the mother and children, a county court had authority to approve a mortgage upon the individual minors' share of said property to the full amount secured by said mortgage; the contention being that one minor's share in the property should not be pledged for the entire debt, and that the county court could only authorize a mortgage upon the minor's property equal to the proportionate share owned by the minor.

Section 1267, O. S. 1931 (section 1260, C. O. S. 1921), governs the authority to mortgage a ward's property, the pertinent portion of which reads:

"The county judge may, * * * by an order, grant authority to * * * the guardians of the estates of minors * * * to execute a new mortgage for the purpose of paying off and securing the release of any * * * mortgage or lien. * * *"

The appellee cites and relies upon the case of Fowler v. Humphrey Investment Co., 142 Okla. 221, 286 P. 867, and contends that that case is decisive of this question. In that case was cited Howard v. Bryan, 133 Cal. 257, 65 P. 462. An examination of these cases discloses that the facts in each are not of sufficient similarity as to be controlling in the decision of this case under the facts as hereinabove set out. In each of these cases the mortgages authorized to be made were in excess of the indebtedness then upon the property and included personal indebtedness of the guardian.

In a recent case decided by this court, In re Campbell's Guardianship, 169 Okla. 47, 35 P. (2d) 884, facts similar to those in the case now before this court for decision are involved. In the decision by this court in that case, the court makes the distinction between the law as applicable to the facts as they existed in Fowler v. Humphrey Investment Co., supra, and the facts here involved.

In the Campbell Case, supra, this court cites with approval the case of First National Bank v. Bangs, 91 Kan. 54, 136 P. 915:

"We cannot assent to the proposition that in this state the probate court has no jurisdiction to authorize a guardian to execute a mortgage upon real estate owned by several wards, giving a lien upon all the property for the whole debt secured. Obviously there ought not to be such a complication of interests if it can well be avoided. But in some circumstances it may be unavoidable. If the mortgage is given to take up an existing incumbrance covering the whole property, it is manifest that no injury can result. In a particular case the making of a mortgage may be absolutely necessary to save the property to the minors, and at the same time it may be that no mortgage will be accepted except one in 'blanket form'; the entire debt being made a lien on all the property."

This court further states in the Campbell Case:

"In our opinion it is no violation of the property rights of these minors to permit the execution of a blanket mortgage, for an amount necessary to redeem from the existing indebtedness, to renew or replace a blanket mortgage in existence when the minors became the owners of the property. Prior to the death of their mother the title was undivided, and the debt and lien were undivided. Upon the death of the mother, by the operation of the law, the title became divided, but we know of no law which had the effect of dividing the debt and the lien. If a new mortgage is not made and the property redeemed, it cannot be said that one of these minors may tender a part of the debt

to the mortgagee and demand a release of his interest in the property. The design of the law is to protect the property of the minors to the best of its ability under all of the circumstances, and guardians are provided for and appointed to enable the property of a minor to be administered, within the limits prescribed by law, for his best interest as though he were an adult and unhampered. To say that when a minor inherits an undivided interest in certain real estate, which is encumbered by a blanket mortgage, that the probate court has not the authority, upon proceedings prescribed by law and in the manner and to the extent prescribed by law, to authorize the renewal of that mortgage or the execution of another mortgage to secure its release because the minor's interest in the real estate is being thereby subjected to the payment of another's debt and said minor is likely to lose his property as a result thereof and to be prejudiced thereby **is to lose sight of the design of the law,** to say nothing of the present situation whereunder the minor is in the process of losing the real estate, which the law undertakes to save for him by refusing to let it be used to redeem from the mortgage by which it is being lost. This is not reason or logic."

In view of these decisions it is therefore our opinion that the mortgage of the Commerce Trust Company and the judgment based thereon, followed by the sheriff's sale, are valid, and inasmuch as the execution was issued by the Commerce Trust Company and the property sold thereunder, said sale was valid, and the appellant, Leslie, thereupon became the owner of the property upon which said judgment was a lien, including the interest of the appellees therein.

2. With reference to the question as to whether or not more than one year had elapsed since the appellee, Thelma Hammond, was entitled under section 431, O. S. 1931, to show cause against the judgment of foreclosure, this court has examined section 431, O. S. 1931, which reads as follows:

"It shall not be necessary to reserve, in a judgment or order, the right of an infant to show cause against it after his attaining full age; but in any case in which, but for this section, such reservation would have been proper, the infant, within one year after arriving at the age of 21 years, may show cause against such order or judgment."

By use of the above language, the Legislature plainly intended that the limit of 21 years is applicable to proceedings brought under section 431 to show cause against an order or judgment, and that an infant, either male or female, may, within one year after arriving at the age of 21, show cause why an order or judgment should be set aside. If the Legislature had intended otherwise than this age should apply to both male and female, it would have included in said section language to that effect.

■ We now come to the proposition presented in this appeal concerning the validity of the mortgage of appellant. This money was loaned by the appellant and used for the purpose of paying delinquent taxes on the real estate. The note and mortgage to secure this loan were dated February 17, 1926, but the petition of the guardian for approval was not filed in the county court until October 11, 1927, and on the same day an order was made approving said note and mortgage.

We, therefore, hold that the mortgage of appellant in so far as it covers the interest of the appellees was invalid for the reason that the statutory requirements necessary for the making of an order permitting the execution of a mortgage were not complied with.

If this were not sufficient, the mortgage of Leslie is invalid by reason of the decision of this court in Glover v. Warner, 135 Okla. 177, 274 P. 867:

"We think it was the clear intent of the Legislature not to authorize a mortgage on land belonging to a minor for the primary purpose of paying delinquent taxes. Under our law (section 9724, Comp. Stat. 1921), taxes on real estate are a perpetual lien thereon from the time they are levied, and, if the statute permitted the mortgaging of a minor's land for the primary purpose of paying taxes, all lands in the state owned by minors would be subject to a mortgage, because the tax itself on the land constitutes a lien, a lien by operation of law. In such instance, the protective nature of the statute would be entirely lost. The Legislature did not mean this class of liens (that is, involuntary liens), but instead they meant contractual liens. If the Legislature had intended any other construction of the law, they would have expressly said so, as they did in providing that in the execution of mortgages as renewals or extensions an additional amount might be included for 'taxes' and cost incident to perfecting the renewal of the mortgage. If the Legislature intended that the general word 'lien,' as used in the act, included tax liens, the provisions for including taxes as a supplement to renewal or extension mortgages would be surplusage and without meaning."

The appellant, S. B. Leslie, is therefore in the position of being obligated to pay to

216

the clerk of the district court of Okmulgee county, Okla., for the benefit of the appellees, four-ninths of the difference between the amount due on the judgment of the Commerce Trust Company and the amount of his bid.

For the foregoing reasons, therefore, it is the decision of this court that upon payment by appellant of the above amount, the judgment of the district court herein appealed from be reversed, and the cause as to the appellees is remanded, with directions to the trial court to vacate the judgment in favor of appellees and enter a judgment in favor of appellant and against appellees, awarding possession of said real estate and quieting title in said appellant, and that the costs in cause No. 17965 and of this appeal be taxed against the appellees, and that such further findings and orders be made as to effectuate this decision.

The Supreme Court acknowledges the aid of Attorneys Harris L. Danner, M. K. Cruce, and R. L. Disney in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Danner and approved by Mr. Cruce and Mr. Disney, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.