HINES, Adm'r, et al. v. ARMSTRONG.

No. 27611.   Jan. 25, 1938.

Rehearing Denied March 29, 1938.

J. Thad Baker, Owen Black, and Warren F. Brumfield. for plaintiffs in error.

A. M. Armstrong, for defendant in error.

GIBSON, J. This proceeding originated in the county court of Ottawa county, and arose upon settlement of the final account of the defendant in error as guardian of her minor ward. After hearing had upon the exceptions and objections to said account duly interposed by plaintiffs in error, the county court entered its order surcharging defendant in error with certain alleged unauthorized investments. Upon appeal to the district court by the aforesaid guardian, the order of the county court was modified and reversed in part. From the latter judgment the objectors have appealed to this court. The defendant in error will be hereafter referred to as defendant, and the plaintiffs in error as plaintiffs.

Defendant's motion to dismiss the appeal has heretofore been overruled. However, in her brief on the merits she revives her argument in support of the motion without first obtaining an order permitting renewal thereof. Since considerable space is devoted to the question in the brief, the court will assign its reasons for its former action.

Defendant urges a number of grounds in support of her motion. It is sufficient, without specific enumeration, to say that all are based upon the alleged failure of the case-made to contain a proper journal entry of judgment overruling motion for new trial.

As shown by the clerk's minutes incorporated in the case-made, the court overruled plaintiffs' motion for new trial on May 26, 1936, wherein is shown notice of their intention to appeal to this court, and an extension of time to make, serve, and settle case-made. On September 21, 1936, the parties signed a stipulation to the effect that the case as served was in all respects correct. On the following day, September 22, without further notice, it was presented to the court for settlement, at which time an order overruling motion for new trial was prepared and inserted therein. The order was based upon and included all the matters contained in the aforesaid minutes, including the date.

It is not denied that the order overruling motion for new trial was valid, and related back to the date of the pronouncement of judgment on said motion. The written judgment or journal entry is only the record thereof. See Taliaferro v. Batis, 123 Okla. 59, 252 P. 845. The minutes are no part of the record, and in the absence of an order overruling motion for new trial, where motion is necessary, the record is insufficient to bring the appeal before this court for review. Bigpond v. Davis, 121 Okla. 44, 247 P. 676.

It is the duty of the trial judge to incorporate in the record for appeal all orders and other matters essential to a proper case-made. Friar v. McGilbray, 45 Okla. 597, 146 P. 581. The order in question was an essential part of the record. Had the case-made when filed here not contained the order, on timely motion it could have been withdrawn and corrected to include such order under section 535, O. S. 1931. Defendant's legal rights were not prejudiced by the inclusion of the order, and defendant's motion to dismiss the appeal is again overruled.

The items objected to by plaintiffs in

county court consisted of the principal of a real estate loan in the sum of $1,000, and insurance, taxes, and other expenditures upon the property after default of the mortgagors. Plaintiffs state as ground for objection that said investment had not been approved or authorized by the county court. The defendant filed in said court her motion for an order nunc pro tunc approving the loan, which motion was overruled May 3, 1935. Hearing was then had upon final account, and the loan together with other items of expense upon the mortgaged premises were surcharged to defendant. Appeal from the latter order was taken to the district court by defendant in due time.

Although the time for appeal from the aforesaid action of the county court on motion for order nunc pro tunc had expired (sec. 1400, O. S. 1931), defendant included that matter in her statutory notice (sec. 1401, O. S. 1931) and would appeal therefrom. Plaintiffs moved in district court to strike that portion of the notice and to dismiss the appeal as to that matter. The motion was overruled, and plaintiffs say the action of the court constituted error.

Defendant sought by her motion in county court to have entered nunc pro tunc an alleged order approving the loan, which order, she says, was made at the time the loan was consummated. The ruling of the county court was to the effect that no such order of approval had ever been made, and refused to enter one as requested. Eighty days, or more, went by before an appeal was attempted from this order. If the order was one affecting a substantial right (sec. 1397, O. S. 1931), it was appealable and, if appealable, the notice was filed too late and the district court acquired no jurisdiction of the nunc pro tunc matter. The statute is mandatory (secs. 1400-1401, O. S. 1931); Sutter v. Sockey, 97 Okla. 107, 223 P. 161.

The order presently in question did affect a substantial right. The county court on the motion tried out the question of whether an order authorizing the investment had ever been made. Its judgment was that no such order had been made. The county court had jurisdiction to determine that issue and its judgment thereon was final unless appealed from. Courtney v. Barnett, 65 Okla. 189, 166 P. 207. The county court, in probate, is a court of record and as such has inherent power to make its records speak the truth, and by nunc pro tunc order may, on proper application, cause entry of its orders and judgments made by the court which through mistake or inad-

vertence have been omitted from the records. Orders so made on motions are not open to collateral attack, and the same become final unless appealed from (Id.); whether the motion is sustained or overruled, the issue is settled in final, though appealable, judgment.

In the instant case no appeal was taken from the order on the motion as provided by law. The district court was without jurisdiction to determine the issues raised by that motion.

Defendant says, however, that the action of the district court on the motion to strike is not here for review since, so she asserts, the ruling was not assigned in the petition in error. Whether assigned or not, the matter is jurisdictional. Want of jurisdiction is shown upon the face of the record and the error may be considered by the court without assignment.

In view of the foregoing, it stood as an admitted fact in the district court that the original loan of $1,000 was unauthorized by the county court.

The order of the county court entered on final accounting surcharged defendant with the sum of $1,000, the principal of the loan, and interest thereon at 6 per cent. from July 1, 1930, the date thereof, and the further sum of $484.64, representing taxes, insurance, and repairs, expended on the mortgaged premises, totaling the sum of $1,787.11. Defendant was credited with the sum of $98.33, income from the property, leaving a total surcharge of $1,688.98.

The district court on appeal made a general finding that the surcharge was excessive and reduced the same to $254.81 and entered judgment accordingly.

Plaintiffs say that this judgment is contrary to and not supported by the law or the evidence; that the court erred in not rejecting the investment and surcharging the guardian with all disbursements incident thereto, and erred in reversing the action of the county court and approving the investment made without prior order of court, which investment resulted in substantial loss to the ward.

While the district court made only general findings of fact, it is certain from the record that it did not approve the investment. Had the court approved the loan, there would have been no occasion for a surcharge; there is no evidence to indicate that any of the expenditures incident to the loan and for the protection of the investment were improper or illegal, unless the original investment stood as unapproved.

Had the loan been approved, the guardian was duty bound to protect the investment by necessary expenditures. The district court, therefore, proceeded upon the theory that the loan stood as finally unapproved in county court, and did not consider the question as an open one at the trial de novo on appeal. Its error in not sustaining the motion to strike that question from the notice of appeal was therefore rendered harmless.

The effect of the judgment of the district court is that the loan, being secured by first mortgage on real estate, was of that class of investments authorized by law (sec. 1459, O. S. 1931), and would not depend upon the approval of the county court for its validity (McDougal v. Kersey, 108 Okla. 231, 236 P. 7), but that such investments, though not rendered void for want of the county court's approval, are made at the guardian's peril if he fail to obtain such approval. Id. In the last cited case the court held:

"Under chapter 5, art. 14, Comp. St. 1921, a guardian of the estate of a minor ward is given authority to manage the estate of his ward according to his best judgment, and charged with the duty of frugally managing same without waste, and under Yawitz v. Hopkins, 70 Okla. 158, 174 P. 257, a guardian may invest the funds of his ward according to his best judgment as to the minor's interest without the order of the county court to do so."

Since that action arose section 1459 supra, has been added to the chapter on guardian and ward. The section authorizes investment of the ward's funds, subject to the jurisdiction of the county court, in real estate and first mortgages on real estate, and in other named securities. But that section does not alter the general rule expressed in the McDougal Case.

That decision is plainly to the effect that if a guardian invests his ward's funds in a security authorized by statute, the investment is not void for failure of the county court's approval, but such investment, without approval, is made at the guardian's peril and he and his sureties are not protected against resulting losses, while the court's approval would protect them in such cases. Id., 108 Okla. 231, 236 P. 7, at page 8. See, also, Anderson v. Malone, 154 Okla. 4, 6 P. (2d) 795, 797.

In this state, however, the rule obtains that on final accounting the ward may reject those investments not authorized by order of court, and the amount thereof is charged to the guardian. Francis v. Sperry,

71 Okla. 260, 176 P. 732. The rule is there stated as follows:

"Where a guardian invests his ward's money without authority of the county court, he does so at his peril and is held to strict account. If such investments are prejudicial to the best interests of the ward, the ward is not compelled to accept same on final settlement, and the amount so invested may be charged to the guardian."

Ordinarily, the ward or her guardian in the instant case could have rejected the unapproved loan and all expenditures incident thereto, and the county court would have been compelled to surcharge the defendant, the former guardian, with the sum thereof, less any revenues derived therefrom and properly accounted for. But some three years subsequent to the transaction, and on June 2, 1933, the defendant, under proper order of court and with the assent of the United States Veterans' Administration, relinquished the note of $1,000 to the mortgagors and accepted in exchange therefor the premises described in the mortgage given to secure payment of said note. This exchange constituted a valid purchase of the real estate within the provisions of section 1459, supra. The purchase was neither void nor voidable. The result being that the ward's estate was benefited by property in the value of $1,000.

Prior to the last-mentioned transaction the defendant had expended different sums in payment of taxes, insurance, and repairs upon the premises. These sums, which were paid out prior to the order of the court above mentioned, constituted improper and unauthorized expenditures, and were properly chargeable to defendant. They were not merged in the deed transaction and were not canceled under the court order. That order merely authorized defendant to exchange the note for the land. By reason of the state of the record, we are unable to determine the total sum of these items. It is evident that the trial court attempted by its judgment to surcharge defendant with those items. It has said the total amount thereof was $254.81, and we are unable to say that the weight of the evidence discloses a greater sum. The judgment is not against the clear weight of the evidence, and the same will therefore be affirmed. Wise v. Cutchall, 171 Okla. 60, 41 P. (2d) 864; Thompson v. Thompson, 177 Okla. 437, 60 P. (2d) 615.

Judgment affirmed.

BAYLESS, V. C. J., and WELCH, CORN, and DAVISON, JJ., concur.