### SKINNER v. MARYLAND CASUALTY CO.

No. 27999. May 17, 1938.

Rehearing Denied June 14, 1938.

Application for Leave to File Second Petition for Rehearing Denied Oct. 4, 1938.

Walter Mathews, for plaintiff in error.

Wilcox & Swank, for defendant in error.

PER CURIAM. This appeal is presented from the district court of Payne county. The parties occupy the same positions here as they did in the trial court and will hereafter be referred to as plaintiff and defendant.

The action was brought to compel the administrator of a former guardian and the surety on said guardian's bond to account for and to pay to the plaintiff certain moneys which had allegedly been wrongfully expended. Trial was had to the court sitting in equity. The findings of fact and conclusions of law made and reached by the trial court were adverse to the plaintiff, and she appeals from the judgment which denied her a recovery. The essential facts are not in dispute. The plaintiff, Austie Arline Skinner, a minor and a daughter of W. H. Skinner and Celia Skinner, was named as the beneficiary in a certain policy of insurance upon the life of W. H. Skinner, and also as devisee of certain real property under his last will and testament. The said W. H. Skinner departed this life, and Celia Skinner, nominated in the will as executrix thereof, duly qualified as such. Thereafter said Celia Skinner was appointed guardian of the person and estate of the plaintiff; and the defendant, under a joint control agreement, executed as surety the required guardian's bond in the penal sum of $1,000. The said Celia Skinner, as guardian of the plaintiff, thereupon collected the $1,000 due under the insurance policy and of which the plaintiff was beneficiary. The property devised to the plaintiff by the will of W. H. Skinner was encumbered by a mortgage which had been executed by the said W. H. Skinner and Celia Skinner to secure an indebtedness in the principal sum of $1,200. Under paragraph 6 of the last will and testament of W. H. Skinner, the executrix was directed to pay and discharge said mortgage indebtedness against the property devised to the plaintiff without cost to the estate of the testator. In order to accomplish this, the said Celia Skinner, as guardian of the

estate of the plaintiff, applied to the county court for authority to use the money which she had collected under the insurance policy. Upon the assurance of said Celia Skinner and her attorney that W. H. Skinner in his lifetime had expressed the desire that the money obtained from the insurance on his life and in favor of the plaintiff should be used in discharging the encumbrance on the property which he had devised to the plaintiff, the county court made an order authorizing the payment of said insurance money to the discharge of the mortgage upon the property which had been devised to the plaintiff. In accordance with this order, $1,000 belonging to the plaintiff was paid upon said mortgage by check drawn by the guardian and countersigned by the defendant. Subsequently the plaintiff's former guardian departed this life and it developed that the estate of W. H. Skinner was insolvent, and in consequence thereof the property which had been devised to the plaintiff was sold to pay debts of W. H. Skinner's estate and was thus entirely lost to the plaintiff. Upon the death of the said Celia Skinner the present guardian of the plaintiff was appointed administrator de bonis non of the estate of W. H. Skinner, and in such capacity caused the lands which had been devised to the plaintiff to be sold to pay debts of the estate of W. H. Skinner. No claim for subrogation on behalf of the plaintiff appears to have been interposed nor any effort to marshal assets and thus save to the plaintiff the property which had been devised to her appears to have been made. The administrator of the estate of Celia Skinner was made a party to the present action, but was never served with summons, and the surety has been called upon in this action to shoulder all liability in connection with the transaction.

The plaintiff, as grounds for reversal of the judgment of the trial court, urges, in substance, that the application of her money to the discharge of a mortgage for which she was in no manner liable amounted to a legal fraud, and that the finding of the trial court to the contrary is against the clear weight of the evidence. The trial court found, in substance, that in making the expenditure the plaintiff's former guardian acted in good faith and under the advice of attorney and pursuant to a valid order of the county court. Plaintiff in her briefs, in effect, concedes that her former guardian was not guilty of actual fraud or bad faith in the transaction. Decision, therefore, depends upon whether the county court had jurisdiction to authorize the expenditure. If

the order was a valid one, the guardian and her bondsmen were protected. McDougal v. Kersey, 108 Okla. 231, 236 P. 7.

The court in the case of In re Campbell's Guardianship, 169 Okla. 47, 35 P.2d 884, 95 A. L. R. 836, held:

"Under section 1267, O. S. 1931 (1260, C. O. S. 1921), where a minor inherits an undivided interest in real estate which, together with the other undivided interests in said real estate, is subject to a blanket lien or liens, the county judge, upon statutory application and showing, may authorize the guardian of said minor to join with the other owners of said real estate in executing a blanket mortgage upon all of said real estate, and to bind his ward's undivided interest, together with the aggregate interest, for the entire indebtedness, where the purpose of executing said mortgage is to pay off or secure a release of the existing blanket lien or liens."

If the county court can authorize a guardian to execute a mortgage on behalf of his ward and to bind the estate of said ward to protect an undivided interest inherited by the ward, we can perceive no valid reason why it may not authorize the execution of such mortgage where the ward inherits the entire estate. Since the execution of a mortgage under either of such circumstances presupposes payment eventually out of funds belonging to the ward, logic and reason dictate that if the ward is presently able to discharge the burden which rests upon property coming to him by inheritance or devise, he should be permitted to do so if thereby it appears that his best interests will be subserved. In the case at bar the ward was devised certain property in fee. The property so devised was encumbered, and it appears that the best interests of the plaintiff required the discharge of the encumbrance, and that she had funds available in an amount nearly sufficient to discharge such indebtedness, and it further appears that the former guardian in good faith attempted to protect plaintiff's interest in said property and in doing so used $1,000 of plaintiff's money, which with funds derived from other sources actually discharged the encumbrance against the property. It further appears that the property so devised to the plaintiff was lost to the plaintiff, not by reason of the acts of her former guardian, but rather through the acts of the present guardian by reason of his attempt to represent the estate of W. H. Skinner, deceased, and the plaintiff under circumstances wherein his interest as administrator and as guardian were adverse. This being an equity case, we have read

the entire record, weighed the evidence, examined the facts, and are of the opinion that the order of the county court of Payne county which authorized Celia Skinner, as guardian of the plaintiff, to make the expenditure which she did in the discharge of the mortgage lien on the property devised to the plaintiff was a valid order and one within the jurisdiction of said court. In view of this conclusion we deem it unnecessary to discuss or review at any length the various authorities cited by the plaintiff with reference to the power of guardians to invest funds belonging to their wards, the sanctity of proceeds derived from insurance contracts, the essentials of constructive fraud and the interlocutory character of orders made in the process of administration of a ward's estate and the necessity of a guardian acting honestly and faithfully in the discharge of his trust, since all of these subjects are immaterial to the situation here presented. After a careful review of the record, we are convinced that the plaintiff's plight is attributable chiefly to the acts of her present guardian, and that the findings and judgment of the trial court are supported by the clear weight of the evidence. Under such circumstances this court will not disturb the judgment. Interstate Bldg. & Loan Co. v. Oklahoma City, 84 Okla. 227, 203 P. 172.

Judgment affirmed.

BAYLESS, V. C. J., and RILEY, PHELPS, and CORN, JJ., concur. GIBSON and HURST, JJ., concur in conclusion.